179 So.2d 87

**Betty York SMITH**

v.

**Theresa YORK.**

**6 Div. 206.**

Supreme Court of Alabama.

Sept. 30, 1965.

Geo. Eyraud, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree denying appellant's petition for habeas corpus and granting custody of a minor, Elizabeth Ann York, to appellee, her paternal grandmother. A motion to set aside the decree was overruled.

Appellant is the mother of the minor. On September 9, 1964, she filed a petition for writ of habeas corpus stating that the custody of her fourteen year old minor daughter had been granted to her by virtue of a court decree but that her daughter was being unlawfully detained by the grandmother (appellee) and the grandmother had refused to deliver the child to appellant after demand.

The notice to appellee shows that the petition was returnable on September 18, and presumably, the matter was set down for hearing on October 19. The record is silent as to such an order but the decree of the court, dated October 20, 1964, states in pertinent part:

> "This date came Mrs. Theresa York, Respondent in the above styled matter, Complainant having failed to appear after having filed a petition for a writ of habeas corpus, and the same coming on to be heard by this court, the court is of the opinion that the facts set forth in the petition of Habeas Corpus are untrue and that the said Betty York Smith, petitioner herein, is not entitled to the relief prayed for in said petition, it is

Wm. A. Stevenson, Birmingham, for appellant.

"ORDERED, ADJUDGED and DECREED by the court that the petition of habeas corpus is denied and that the said Mrs. Theresa York be and is hereby granted the legal custody, care and control of Elizabeth Ann York, a minor, and that the said Mrs. Theresa York, by whatever means available, be and is hereby authorized to secure the person of the said Elizabeth Ann York, a minor."

Appellant filed a motion to set aside the decree stating that she had been awarded the custody of the child, who was mentally retarded; that the child had been placed in Partlow State School with the mother's approval; that the child was removed from the school by appellee, her grandmother, without the father's permission; that on the return date in the habeas corpus proceeding all the parties were before the court but the cause was continued to October 19, 1964; that after the continuance and before October 19, the child's father returned the child to Partlow School; that appellant then instructed her attorney to dismiss the petition for habeas corpus; that on the morning of October 19, her attorney called the court and asked that the case be dismissed and costs taxed against appellant; that her attorney also ascertained that no pleading had been filed by appellee or her attorney of record; that on October 21, appellant's attorney received a copy of the decree awarding custody to appellee; and that appellee had again removed the child from Partlow State School.

The motion was heard on November 30, 1964, and appellant filed in open court an affidavit signed by appellee's attorney which, in part, read as follows:

"My name is George Eyraud, Attorney. I was retained to represent Mrs. Theresa York on a Habeas Corpus Petition on October 19th, 1964. I appeared at the hearing and was informed that W. A. Stevenson, Attorney, had called and requested that said Petition be dismissed. Up to this date I had had no conversation or contact with W. A. Stevenson about the case. Without any testimony being taken, I was directed by the Honorable Judge George Lewis Bailes to draw a decree granting custody of the said minor, Elizabeth Ann York to the grandmother. At this point I again raised the question with Judge Bailes as to whether the hearing should be treated as a custody hearing and I was informed by Judge Bailes that it was. In accordance with Judge Bailes oral request I prepared a decree and presented it to him for his signature, which I understand was signed as modified by the Judge and forwarded to W. A. Stevenson, Attorney. My first contact with W. A. Stevenson, Atty was after he received the copy of the decree."

The motion to set aside the decree was overruled.

Appellant urges that the court erred in failing to dismiss the cause. This assignment of error is without merit. Motions are not imperatively required to be in writing, although it is better practice to reduce them to writing; and oral motions may, in the court's discretion, be made in a cause in the presence of the court. W. L. Weller & Sons v. Rensford, 185 Ala. 333, 64 So. 366. But appellant cannot put the court in error by its refusal to grant a motion to dismiss a cause made over a telephone.

Appellant argues that the circuit court in equity had no jurisdiction to decide the custody of the minor in a habeas corpus proceeding. We cannot agree.

A court of equity which awarded custody of a child in divorce proceedings is exercising its inherent powers, and it is immaterial how the power of the court to modify that decree is invoked, whether by habeas corpus or otherwise, if the facts sufficiently appear and appropriate relief is prayed for. The purpose of the proceeding fixes its character. Snead v. Davis, 265 Ala. 229, 90 So.2d 825, and cases there cited. Here, the petition in habeas corpus averred that

appellant was entitled to custody of the child. That was the question involved and the court had jurisdiction of both the parties and the subject matter.

Appellant does present meritorious assignments of error in her assignments that the court erred in awarding custody of the child to appellee when no pleading had been filed by appellee (assignment 2), and no testimony had been taken in the cause to support the award (assignment 4).

■ In proceedings of this character after a decree of divorcement, the party seeking a change of custody must allege and prove some change of conditions or other substantial reason for modification of the previous decree. The former decree is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change. Casey v. Cobb, 266 Ala. 434, 96 So.2d 753, and cases there cited.

■ The burden of showing changed conditions or other substantial reasons for awarding custody of a child to another, subsequent to the rendition of the divorce decree, is on the party seeking a change in custody. Andrews v. Sullivan, 260 Ala. 291, 69 So.2d 870; Parker v. Parker, 269 Ala. 299, 112 So.2d 467.

Here, there is no pleading in the record by appellee showing any reason why the original decree should or ought to be changed to give her custody of the child.

But there is also a lack of proof in the record to support the decree. The record shows no testimony whatever to justify a change of custody and other than the sworn petition, the only item resembling evidence in the record is the affidavit of appellee's counsel, offered by appellant in support of her motion to set aside the decree, which is quoted supra.

Ordinarily, a decree states that it is based on pleadings and proof, but it will be noted that the decree in the instant case merely states that the petition for habeas corpus "coming on to be heard by this court, the court is of the opinion that the facts set forth in the petition for Habeas Corpus are untrue and that the said Betty York Smith, petitioner herein, is not entitled to the relief prayed for in said petition."

■ We can usually apply the rule that where no testimony is contained in the record on appeal, a decree which recites that it was granted on pleadings, proofs and testimony will not be disturbed on appeal. Davis v. Davis, Ala., 178 So.2d 154 [1]; Williams v. Clark, 263 Ala. 228, 82 So.2d 295. But here, the decree mentions no pleadings, proof or testimony; and the affidavit of counsel for appellee, which was before the court on rehearing, positively states that he was directed to draw a decree in favor of appellee "Without any testimony being taken." We would not permit this affidavit to impeach the decree, but it merely gives substance to the inference raised by the decree that there was no proof or testimony.

■ It is axiomatic that a decree modifying a previous order of custody must be supported by the pleadings, evidence, and findings. 27B C.J.S. Divorce, § 317(9)a. Here, the decree mentions no pleadings but the petition for habeas corpus refers to no proof, evidence or testimony and the record shows no basis for the finding that the allegations in the petition "are untrue."

What was said in Ex parte Gilbert, 253 Ala. 232, 43 So.2d 816, is appropriate here:

"The question presented is not who shall have the custody of a minor child already fixed by a valid decree of the court, nor whether the decree may not be clarified on appropriate application to the court. But the question relates to the integrity of that decree, whether it can be altered without due and appropriate pleadings and proof."

■ It follows that the decree is not based either upon appropriate pleadings or

1. Ante p. 328.

**512**

any recorded proof whatever and, therefore, it must be reversed and the cause is remanded for further proceedings.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, COLEMAN and HARWOOD, JJ., concur.