The wife filed suit for divorce on the ground of incompatibility. The husband answered and crosscomplained. Hearing was set at a time when other cases were also to be heard. The court inquired if any of the pending matters could be settled. Counsel and parties then discussed settlement and apparently reached a consensus. They returned to the courtroom, orally advised that they had settled and gave the terms of the settlement. (This is argued in brief — there is no record of it except the statement in the judgment that the matter was submitted upon agreement and stipulations of the parties and deposition of the wife.) There is a written deposition of the wife taken before a commissioner on March 9, 1981. That is the date of the hearing and the agreement allegedly made. The judgment was entered on March 10, 1981. It is lengthy and explicit, dividing property, real and personal, directing custody of two children and ordering payment of support. (It is so explicit that it clearly was derived from information not furnished either by the pleadings or the deposition.) We can but assume such information was made known to the court in some manner.
On March 19, the husband moved for a new trial, alleging that he did not enter into any agreement or stipulation as stated in the judgment and did not authorize his attorney to make any agreements, that he had not received a hearing on the merits nor had opportunity to refute the wife's deposition, that the judgment was unfair. The motion was filed by new counsel. His affidavit was attached to the motion.
The court entered an order, dated March 23, setting aside its judgment for good cause shown and setting a new trial on the merits for March 30, 1981.
On March 27, the wife moved to set aside the order granting a new trial. On the same date, the court entered an order setting the motion for new trial down for hearing on April 1. There was no mention of the previous order setting aside the judgment and granting a new trial. Defendant's motion for new trial was denied on April 1, 1981.
The first issue charges error in entering judgment without agreement or testimony.
There is no basis for this charge because there is no record of what did occur, except the court's judgment stating there was agreement in open court and deposition was properly taken before a commissioner without objection of record. In the absence of a record, this court must assume events transpired as stated by the judgment. Stephens v. Central of Georgia R.Co., 367 So.2d 192 (Ala. 1978); Smith v. York, 278 Ala. 508,179 So.2d 87 (1965).
The other issue is whether there was error in failing to hold a hearing on the motion for new trial as provided by Rule 59, A.R.C.P. *Page 1038 
Again we become embroiled in the absence of a record. However, it is conceded in argument that there was no hearing allowed on April 1 on the motion for new trial. The trial judge merely notified counsel that he was denying the motion. Rule 59 (g) requires that a post trial motion not be ruled on until the parties have had an opportunity to be heard thereon. Rule 6 (d) provides that notice of the hearing on such motion must be served not later than five days before the time set for hearing. Both rules were violated in this case. For such error the ruling on the motion for new trial must be set aside and the cause remanded for proceedings in accordance with the Rules of Civil Procedure.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.