EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a land line dispute between coterminous property owners. It also concerns ejectment and resulting damages therefrom.
Mrs. Engebrits, the plaintiff, sued the defendants to establish the boundary line between the city lots of the parties. She later amended her complaint to include a count for ejectment and for $10,000 damages for the detention of her property. The trial was conducted ore tenus before the circuit court. The trial court viewed the premises. The final judgment established the boundary line according to a survey of Jerry E. Smith, which was the identical property line as contended by the defend *799 ants. The plaintiffs claim for damages was denied. The plaintiff appeals.
Transcripts of the evidence concerning boundary line disputes are, as a rule, the most confusing and difficult to follow, comprehend and understand of all customary and ordinary trials because of the common tendency of some attorneys, surveyors, parties and other witnesses to fail to clarify with particularity their questions and/or answers when discussing maps, plats, roads, courses, distances and reference points. In such cases the wisdom of, and the need for, the ore tenus rule are evident. A judgment establishing a boundary line between coterminous lands based on evidence which is heard in open court is presumed to be correct and will not be disturbed on appeal unless it is palpably wrong. Campbell v. Carl, 395 So.2d 480 (Ala.1981). That presumption is even enhanced if the trial court personally views the disputed land line. Fowler v. Fayco, Inc., 290 Ala. 237, 275 So.2d 665 (1973). Here, the trial court exercised its discretion in visiting the locus in quo and we find no error in such view, its conduct, nor in its result or consequences. We have carefully reviewed all of the trial evidence and exhibits herein. The Smith survey was admissible. Jones v. Wise, 282 Ala. 707, 213 So.2d 914 (1968). It supports the decision of the trial court, which is not palpably wrong.
When the trial court established the boundary line according to the Smith survey, the contentions of the defendants were fully upheld and it was thus judicially determined, in effect, that the defendants had not entered, and did not unlawfully withhold, any portion of the .05 of an acre which composed the disputed area. Accordingly, the trial court correctly determined that the plaintiff could not recover damages, for none of her property was detained by the defendants.
The plaintiff filed a motion for a new trial. It was denied by the entry of a judgment which contained language that the motion for “a new trial was filed and submitted.” (Emphasis supplied). The record does not reflect anything different from that recital in the judgment. The plaintiff protests in her brief that the motion had not been submitted and that she was denied the right to be heard thereon. Those contentions are outside of, and contrary to, the judgment in that respect. We cannot consider those particular facts as contained in the plaintiffs brief since they are beyond the purview of the record. A brief on appeal cannot enlarge or vary the facts as established by the record. Roberts v. Roberts, 424 So.2d 644 (Ala.Civ.App.1982).
If the plaintiff desired to raise such matter here, she bore the burden of preserving the record. That could have been done by filing a motion in the trial court to set aside the judgment on the motion for a new trial in order to permit due submission thereof after argument on the motion. If such a motion had been filed and denied, the record itself would then allow the issue now argued to be properly raised. However, no such motion was presented in the trial court.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.