This is a periodic alimony modification case.
The pre-divorce agreement of the parties provided that the husband pay $250 bimonthly to the wife as alimony. That agreement was approved by the trial court and was incorporated into the August 1983 divorce judgment.
In November 1986, the husband sought to modify the periodic alimony to the wife by reducing it. After a contested ore tenus trial, a judgment was rendered and entered by the trial court on January 26, 1987, which denied the husband's petition to modify. Upon the husband's timely appeal, his able counsel has filed an excellent brief wherein several issues are argued.
 1.
After viewing the entire record in accordance with the ore tenus rule, the following facts are pertinently revealed. The earnings of the husband were as follows: in 1983 — $34,340; in 1984 — $32,221; in 1985 — $36,047; and they were estimated to be between $32,000 and $33,000 in 1986. The husband presently has the same job with the same employer as when the divorce was granted. He is paid every two weeks. At the time of the divorce, he worked twelve hours a day on each of the fourteen days as a master river boat pilot and earned $90 per day. Because the job was becoming too strenuous for him, the husband asked for and received from his employer a reduction from fourteen to eleven in the number of days that he is required to work each two weeks. He is presently paid $95 for each of the eleven days that he works every two weeks. The husband's expenses approximate $1,500 monthly, including a house payment of $420 and his pickup truck payment of $283.
The husband is 51 years of age. His present wife is 37 years of age, does not now work, and she has two minor children by a previous marriage. Presently, he is the sole supporter of his present wife and of her two children.
The parties were married in 1956 and had three children, all of whom are now adults. Their 29-year-old son, who is retarded, lives with the wife, along with her 83-year-old invalid mother, who receives old age benefits from which she supports herself. The wife has high blood pressure. She is 50 years of age, has only a ninth grade education, does not drive, has had no job training, and has not worked since 1975 except for one week. Her employer terminated that employment. Her only income consists of the alimony which she receives from the husband. Her list of monthly expenses of about $500 was not complete. The 29-year-old son makes about $40 per week.
The husband contends that the trial court erred in not reducing his alimony payments.
A modification of periodic alimony may be had when the moving party reasonably satisfies the trial court that there has been a material change in the circumstances of either or both of the parties and, even then, the decision rests within the discretion of the trial court as to whether modification should, or should not, be granted, *Page 685 
and the holding of the trial court will be reversed on appeal only where the trial court so abused its discretion as to be palpably wrong. Murphy v. Murphy, 470 So.2d 1297
(Ala.Civ.App. 1985); Garthright v. Garthright, 456 So.2d 825
(Ala.Civ.App. 1984). After an ore tenus trial, the circuit court's decision is presumed to be factually correct, and we cannot disturb it unless it is not supported by the evidence or was plainly wrong. Mims v. Mims, 442 So.2d 102 (Ala.Civ.App. 1983).
The trial court's decision which denied the husband's petition to modify is supported by credible evidence. The trial court was not palpably wrong and did not abuse its discretion in refusing to grant a reduction in the amount of periodic alimony.
 2.
The trial court included findings in its judgment that the wife's only income is her alimony, that she supports the retarded son and her mother, that the husband should have considered his responsibilities to his former wife and retarded son before his remarriage and before he entered into any other financial obligations, and that she should not have to suffer because he failed to do so.
The husband argues that modification was refused on the ground that the husband should have considered his responsibility to his 29-year-old son when the divorce judgment only provided for alimony to the wife and did not authorize any child support for that son. He further argues that it is implied in the trial court's finding that the husband owes a legal responsibility to assist in the support of his ex-mother-in-law.
The wife testified that their 29-year-old son is retarded and that he makes about $40 each week. Nevertheless, he could still be considered to be a dependent child, and one of the factors to be considered in a periodic alimony modification case is whether there are dependent children. Murphy, 470 So.2d at 1299; Parrish v. Parrish, 365 So.2d 1237 (Ala.Civ.App. 1979).
However, there was no holding by the trial court that the husband presently owed any duty of support to either his retarded son or to his ex-mother-in-law. While support can be ordered in some instances for a disabled adult child,Martin v. Martin, 494 So.2d 97 (Ala.Civ.App. 1986), we do not construe that the judgment of the trial court provided therefor.
It is not controverted that the former wife's mother is evidently self-supporting through her receipts from old age assistance.
The objected-to findings can be considered as surplusage. We have previously applied the law governing the modification of periodic alimony to the facts of this case to ascertain if the failure to modify was proper because, if a trial court reaches a correct result, it is immaterial that a wrong reason was given therefor. Murphy, 470 So.2d at 1300; Rapaco, Inc. v.Agee, 453 So.2d 1048 (Ala.Civ.App. 1984).
For the above reasons, we do not concur with the husband's contentions as to this issue.
 3.
The wife testified that she had paid her attorney $500 as his fee for representing her in this proceeding. No evidence was offered as to the reasonableness of an attorney's fee. Under those circumstances, it is argued that the trial court's grant of a $500 fee to the wife was error.
A trial court has the discretion to award a reasonable attorney's fee to the receiving former spouse for defending against a periodic alimony modification claim of the paying former spouse. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985). Where an attorney's fee may properly be awarded in a domestic relations case, it is not error for the trial court to allow and set an attorney's fee even where no proof is presented as to the reasonableness of the amount of a fee.Norrell v. Norrell, 473 So.2d 523 (Ala.Civ.App. 1985). It is presumed in such cases that a trial court has the knowledge from which it may determine the amount of a reasonable fee for an attorney, even though no evidence is presented as to its *Page 686 
reasonableness. Taylor v. Taylor, 486 So.2d 1294
(Ala.Civ.App. 1986).
The trial court did not abuse its discretion and did not err in the award of a $500 attorney's fee.
 4.
The husband filed a motion on February 24, 1987, for a new trial and for reconsideration wherein he specifically moved the trial court for an order setting the motion for a hearing and that a hearing be held upon his motion. The motion was denied by the trial court on February 25, 1987, and/or on March 9, 1987.
It is argued that the trial court erred in denying his motion without a hearing. Reliance is had upon Steel v. Steel,402 So.2d 1036 (Ala.Civ.App. 1981).
The record does not show that a hearing was, or was not, held. The record here and also in Steel are both silent as to whether or not the trial court held a hearing. Here, there is no concession or agreement of the parties that no hearing was allowed by the trial court upon the motion for a new trial, as was the case in Steel. Accordingly, Steel is authority for affirming this matter.
In reviewing a trial court's ruling upon a motion for a new trial, we will not disturb it unless the record plainly and palpably shows that the trial court erred. Bekins Van Lines v.Beal, 418 So.2d 81 (Ala. 1982).
The husband had the burden of preserving the record. He could have done so by moving that the judgment of the trial court which denied his new trial motion be set aside in order to allow the requested oral argument thereon. If such a motion and proof of the averments thereof had been filed and the motion been denied, the record itself would then permit the issue now argued to be properly raised. Engebrits v. Dykes, 434 So.2d 798
(Ala.Civ.App. 1983). No such motion was filed.
We cannot hold that the trial court erred with respect to this issue.
Having considered all of the issues and having found no reversible error, we affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.