This case is before us on a petition for writ of mandamus filed by Tampling Tile Company. Its petition seeks the dismissal for lack of jurisdiction of J J Construction's appeal to the circuit court from an adverse judgment in the district court. The issue presented for our review is whether the circuit court must dismiss the appeal.
In March 1988, Tampling sued "J J Construction Co., Inc.," in the district court for work and labor done. According to the case action summary sheet entry of March 14, 1988, the summons and complaint were served. On May 20, 1988, default judgment was entered against J J Construction Co., Inc., and in favor of Tampling. On May 26, 1988, a motion to set aside the default judgment was filed and subsequently granted. The case was then set for trial on September 6, 1988. Following an ore tenus proceeding, an order of judgment was rendered on September 6 and entered on September 7, 1988. The record before us indicates that Tampling and its counsel were present at the hearing, along with Ashton Milam and Jay E. Milam, as representatives of J J Construction Company. J J's counsel was also present. Judgment was rendered in favor of Tampling and against defendant J J Construction Company for $3,200 and costs. We note that the judgment also awarded J J Construction Company $3,500 on a third-party complaint against Color Tile Supermart, Inc. The part of that judgment, however, which pertained to the third-party complaint was amended by the district court's September 16, 1988, judgment. The amended judgment changed the name of the third-party plaintiff from J J Construction Company to Jay E. Milam. Color Tile Supermart, Inc., remained the third-party defendant.
The amended judgment also specially stated that the "balance of the ORDER OF JUDGMENT entered by this court on September 6[7], 1988, shall remain in full force and effect." This seems to fix the date of the judgment in favor of Tampling against J J Construction Company as September 7, 1988.
We note here that no issue is presented to this court regarding the third-party complaint.
Our review of the record discloses no filing of a notice of appeal to the circuit court from the judgment of September 7, or from the amended judgment of September 16, within the 14-day period required by § 12-12-70, Ala. Code 1975 (1986 Repl. Vol.). A case action summary entry indicates that a motion to alter, amend, or vacate the judgment was filed on October 5, 1988 (apparently by Color Tile Supermart, Inc.); however, this filing was also beyond the requisite 14-day period. See Alabama Rules of Civil Procedure, Rule 59(e), (dc).
On October 17, 1988, Tampling filed a motion asking the district court to compel the appearance of a representative of J J for the purpose of discovering assets. The district court ordered J J's representative to appear on February 9, 1989, at which time all pending motions were scheduled to be heard.
On March 22, 1989, the district court entered an order which stated, in pertinent part, as follows: "That the motion of defendant, J J Construction, to set aside judgment being rendered as to J J Construction shall be denied." J J appealed to the circuit court from that order and requested a jury trial. Tampling filed a motion in the circuit court to dismiss the appeal as untimely. Its motion also stated as follows: "Defendant . . . raises the issue of improper judgment as to the name of *Page 1074 
defendant, well after the fourteen days from judgment [September 7, 1988]. . . ." Tampling's motion was denied by the circuit court, and the case was scheduled for trial on the merits. Tampling then petitioned this court for a writ of mandamus to compel the circuit court judge to dismiss the appeal.
Section 12-12-70, Ala. Code 1975 (1986 Repl.Vol.), provides that a party appealing a final judgment of the district court to the circuit court in a civil case must file its notice of appeal within fourteen days from the date of the judgment or the denial of the posttrial motion. It is undisputed that J 
J did not appeal from the final judgment entered on September 7, 1988, nor did J J file a timely posttrial motion, the denial of which would have also supported an appeal. Instead, after waiting several months, J J requested that the judgment be set aside because of the disparity in its name as stated in the complaint as opposed to the judgment. This motion was apparently made orally, as there is no such written motion in the record before us and we find no indication on the case action summary sheet that any such written motion was filed with the court. We note that motions are not required to be written, although the better practice is to reduce them to writing. Smith v. York, 278 Ala. 508, 179 So.2d 87 (1965). The trial court may, in its discretion, allow oral motions to be made in its presence. Smith v. York, supra. The nature of the relief requested here suggests that the oral motion was made pursuant to Rule 60(b)(4), Alabama Rules of Civil Procedure. The effect of the district court's order of March 22, 1989, then, was to deny J J's motion for relief from the judgment of September 7, 1988.
A Rule 60(b)(4) motion to have a prior judgment set aside should only be granted if the prior judgment is void rather than voidable. Steelman v. Steelman, 512 So.2d 776
(Ala.Civ.App. 1987). Since the grant or denial of a Rule 60(b)(4) motion turns on the validity of the judgment, discretion plays no part in the decision. If the judgment is void, it must be set aside; if the judgment is valid, it must stand. Smith v. Clark,468 So.2d 138 (Ala. 1985). A judgment is void only if the court which rendered it lacked jurisdiction over the subject matter or one or more of the parties, or otherwise acted in a manner inconsistent with due process. Steelman, supra; Smith, supra.
The record in this case fails to reveal any evidence that the district court acted in a manner inconsistent with due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."Humane Society of Marshall County v. Adams, 439 So.2d 150, 152
(Ala. 1983). We find that the participation of Jay and Ashton Milam in the trial of this case satisfied due process requirements.
The record also fails to disclose any facts which would indicate that the district court lacked subject matter or personal jurisdiction at the time of the September 7, 1988, judgment. The Milams submitted themselves to the jurisdiction of the court and testified as to the proper name of their business. They contend that the judgment is void because the district court rendered judgment against "J J Construction Company" without a formal amendment changing the name of the defendant. We disagree. Rules 15(b) and 54(c), Alabama Rules of Civil Procedure, permit a trial court to render a judgment that is not based on the pleadings if such a judgment is supported by the evidence. Martin v. Martin, 479 So.2d 51 (Ala.Civ.App. 1985). Furthermore, Rule 21, A.R.Civ.P., provides broad discretion to the trial court to add or drop parties on its own initiative at any stage in the proceedings before it. Wood v.City of Huntsville, 384 So.2d 1081 (Ala. 1980). We find that the district judge did not err in entering a judgment against "J J Construction Company," based on the evidence presented at trial and the actual defense of this lawsuit by the proper parties.
Ordinarily a district court order denying Rule 60(b) relief is a final judgment, which, if appealed, must be appealed to the circuit court. Terry v. Frisbee, 404 So.2d 345
(Ala.Civ.App. 1981). In the case before us, *Page 1075 
however, there is nothing for the circuit court to review. The judgment of September 7, 1988, is not void, so the district court correctly refused to set aside the judgment on Rule 60(b)(4) grounds. We find no other basis upon which the circuit court may entertain an appeal of the district court's denial of Rule 60(b) relief.
An appeal from an order denying a Rule 60(b) motion presents for review only the propriety of that order. Smith v. Clark,supra. The denial of a Rule 60(b) motion does not present for review on appeal the underlying judgment. McLeod v. McLeod,473 So.2d 1097 (Ala.Civ.App. 1985). Rule 60(b) is not a substitute for appeal and is not available to relieve a party from its failure to exercise its right to appeal. McLeod v.McLeod, supra. The time prescribed by statute for taking an appeal is jurisdictional; therefore, an untimely appeal must be dismissed. Holmes v. Powell, 363 So.2d 760 (Ala. 1978). J J is not entitled to have a jury hear this case on the merits, as its attempt to appeal from the underlying judgment was filed far beyond the fourteen days allowed by § 12-12-70.
Mandamus is a drastic and extraordinary writ which will not be issued unless the petitioner has a clear and indisputable right to a particular result. Ex parte Rudolph, 515 So.2d 704
(Ala. 1987). We find that Tampling is entitled to the dismissal of J J's appeal of the March 22, 1989, order. The judgment of September 7, 1988, is not void, and cannot be set aside on Rule 60(b)(4) grounds. Nothing further was properly presented to the circuit court for review. Appeal to the circuit court for trial de novo was filed too late. The writ of mandamus will be granted unless the circuit court dismisses the appeal for lack of jurisdiction within fourteen days from the date of this opinion.
WRIT DENIED CONDITIONALLY.
ROBERTSON and RUSSELL, JJ., concur.