ROBERT P. BRADLEY, Retired Appellate Judge.
This case involves a modification of periodic alimony.
On April 8, 1982 Jerrie Lybrand (wife) was divorced from Fred Ray Lybrand (husband). The wife was awarded, among other things, periodic alimony in the amount of *1323 $1,200 monthly. In October 1983 the husband filed a petition for termination and/or decrease of alimony; this petition was denied. The husband petitioned the trial court again in March 1987 and the alimony was reduced to $800 per month. On March 29, 1989 the husband filed a third petition for decrease or termination of alimony. After an ore tenus proceeding, the trial court denied the petition. The husband appeals.
A decision to modify alimony based upon a change in circumstances is discretionary with the trial court and will not be reversed unless the court’s decision is plainly and palpably wrong. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988). Additionally, a presumption of correctness attaches to the trial court’s judgment following the presentation of evidence ore tenus, and the judgment will not be disturbed unless it is unsupported by the evidence. Coan v. Coan, 516 So.2d 683 (Ala.Civ.App.1987).
The sole issue on appeal is whether the denial of husband’s petition to modify was so unjust as to amount to an abuse of discretion. The husband first argues that there has been a substantial decrease in his income, which necessitates a modification.
The record reveals that the husband is a practicing attorney, whose income has fluctuated sharply since the alimony was modified in 1987. However, the evidence does not show that the husband’s net worth has permanently decreased. On the contrary, the facts indicate that the fluctuations have been produced in part by the husband’s transfer of real estate to others without valuable consideration. The record shows that the husband made these gratuitous transfers immediately after the wife instituted garnishment proceedings on his sale of one piece of property. The husband was some $26,000 in arrears of his alimony payments at the time and remained in arrears at the time of trial.
In its order, the trial court deemed it inequitable to grant a modification on the basis of a decreased income, when the decrease was produced by the husband’s attempt to sequester real estate that could be used to pay his arrearage. We have held
that such a transfer does not constitute a change of circumstances warranting a decrease or termination of alimony. Snow v. Snow, 393 So.2d 1020 (Ala.Civ.App.1981). There is no error here.
The husband also argues that alimony is inappropriate because the wife’s salary is more than sufficient to meet her expenses. A trial court is not mandated to terminate alimony merely because the wife is shown to be self-supporting. Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App.1987). Here, the evidence indicates that the wife’s salary has not substantially increased since the time of the last modification. The trial court was not in error in finding that the wife’s small salary increase does not constitute a change of circumstances.
There being no error, the trial court’s judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.