THIGPEN, Judge.
This is an original petition for a writ of mandamus.
Donna Kay Phillips filed for divorce in Etowah County. Her attorney filed, along with the complaint for divorce, an answer and waiver, a settlement agreement, several child support guideline forms, a wage withholding order, and a document referred to as a “deposition” of the husband. The documents were presented to the trial judge by an employee of the attorney, along with a proposed order granting the divorce and approving the settlement agreement. The trial judge refused to sign the proposed order without hearing testimony. The wife then filed a motion seeking to require the judge to sign the proposed order without requiring her testimony. The judge denied that motion and set the case for hearing. The wife filed this petition for writ of mandamus seeking to compel the trial judge to sign the uncontested divorce without requiring oral testimony.
The single issue presented is whether a trial judge may be compelled by a writ of mandamus to sign a proposed divorce decree, which is uncontested, when there is a written waiver of testimony.
The petitioner contends that personal appearance of the parties in an uncontested divorce proceeding and the receiving of oral testimony by the trial court is not required for the trial court to make a determination in the action. She asserts that Rule 1 of the Alabama Rules of Civil Procedure states that the rules were designed to afford a uniform procedure in the courts of the state and that the rules “shall be construed to secure the just, speedy and inexpensive determination of every action.” Rule 1(c), A.R.Civ.P. She argues that the practice of requiring oral testimony in uncontested divorce cases contradicts the rules by slowing down the judicial process and escalating the cost of obtaining a divorce.
The petitioner contends that Rule 43, A.R.Civ.P., which addresses the necessity of oral testimony, specifically allows two exceptions for this case. The first exception, for uncontested divorce actions, allows for the testimony to be taken before the clerk, unless otherwise ordered by the judge. The petitioner contends that the second exception, which falls within the first exception, is when there is a written *1372 waiver the testimony may be taken upon deposition on oral examination, in accordance with prior practice, and at any time and without notice of the time and place of the taking of the deposition. It is petitioner’s position that when the parties agree by written waiver that the testimony can be taken by a manner other than appearing in open court, the judge does not have the authority to require their appearance.
The petitioner also argues that all other counties in the state allow an uncontested divorce to be granted without requiring the appearance and oral testimony of the parties, and that there are no local rules in Etowah County requiring such. Further, she contends that the practice of requiring such personal appearance in Etowah County limits divorce practice to local attorneys only and allows local attorneys to maintain a monopoly in Etowah County because the court time involves extra costs to the clients.
We note that mandamus is a drastic and extraordinary writ and, in order for this court to issue such a writ, there1 must be credible allegations which are ironclad in nature, showing that the circuit court is bound by law to do what the petition requests. Ex parte Adams, 514 So.2d 845 (Ala.1987). Furthermore, the writ is not to be granted unless there is a clear showing of error in the trial court. Gissendanner v. Slade, 382 So.2d 1127 (Ala.1980).
The respondent answers that one cannot be compelled by mandamus to do something that he has no imperative duty to perform. He further argues that Rule 43, A.R.Civ.P., grants a trial judge the authority to order a different procedure than requested by the petitioner for the taking of testimony in an uncontested divorce. Specifically, he relies on the part of Rule 43(a), that allows testimony in an uncontested divorce to be taken before a clerk, “unless otherwise ordered by the judge”. The respondent argues that the practice of requiring oral testimony in uncontested divorce cases has been utilized successfully in Etowah County since 1975, and that the practice does not violate the spirit of the rules. It is his position that speed and expense are not the only considerations. He contends that the benefits of the procedure, which allow the trial judge to review the proposed settlement, question the petitioner, and protect the interests of the minors involved, greatly outweigh any burden imposed by the requirement.
Rule 43, A.R.Civ.P., allows a trial court to determine the manner in which it receives evidence in an uncontested divorce proceeding. In addition to the procedures discussed above, the rule provides “Nothing contained in this paragraph shall prevent the parties from taking testimony by agreement in a manner different from herein provided unless the court limits or prohibits such agreed manner." Rule 43(a), A.R.Civ.P. (Emphasis added.) In the instant case, the trial court has simply chosen to limit the manner of taking testimony by requiring oral testimony of the petitioner. That is a choice permitted by Rule 43.
In view of the above, the petition for the writ of mandamus is due to be denied.
WRIT DENIED.
ROBERTSON, P.J., and RUSSELL, J„ concur.