THIGPEN, Judge.
This is a paternity case.
In February 1983, P.A.W., the mother of C.B.W., filed a petition in the Family Court of Jefferson County, Alabama, seeking to obtain child support from P.A.D., the alleged father. This petition was transferred to the State of California, where P.A.D. was residing, and it was dismissed because paternity had not been established in Alabama. P.A.W. then filed a paternity action in Alabama. P.A.D., alleging that he was never served, but nonetheless having representation present at the hearing, filed a motion to dismiss alleging lack of jurisdiction and lack of notice. This motion was granted by the referee and ratified by the Family Court.
Subsequently, the State of Alabama, on behalf of P.A.W., filed a petition in the Family Court seeking to establish paternity in P.A.D. After several continuances, service of process for this second paternity action was obtained on P.A.D. Subsequently, the referee denied P.A.D.’s motion to dismiss. P.A.D. requested an appeal from the referee to the judge. At that hearing, P.A.D.’s motion to dismiss was granted pursuant to Rule 41(b), Alabama Rules of Civil Procedure. After a denial of the Rule 59 motion for relief of judgment or in the alternative for new hearing, the State appealed to the circuit court.
Prior to the trial de novo in the circuit court, the State amended its complaint to add C.B.W., the child allegedly fathered by P.A.D., as a plaintiff in the action. The State also filed a motion requesting a blood test, which was denied, and, at the same hearing, P.A.D.’s motion to dismiss was granted. In this order, the circuit court noted that the appeal was dismissed because it was filed in the wrong forum. The State appeals.
The issues presented in this case are: 1) whether the trial court erred in dismissing the appeal from the Family Court to the circuit court, and 2) whether the State had the right to amend the complaint on appeal for a trial de novo to add the child as a party plaintiff.
P.A.D. argues that the dismissals of two prior actions operated as an adjudication on the merits to any claim of paternity, and therefore, the instant case is precluded by res judicata. The first action brought by P.A.W. was clearly an action for child support, not paternity. The second action P.A.W. brought, however, was for paternity. The question before us, therefore, is whether the dismissal of this second action, the initial paternity case, acted as an adjudication upon the merits of the claim of paternity.
As stated in P.A.D.’s “Brief in Support of Motion to Dismiss Appeal from the Family Court and Motion to Dismiss Amended Complaint” contained in the record, the order of the referee in the paternity case stated, “Defendant address unknown. Dismiss case. Petitioner not present.” This ruling was ratified and adopted by the Family Court. In determining whether this order acted as an adjudication upon the *100 merits, we must look to Rule 41(b) of the A.R.Civ.P., which states:
“(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction ... operates as an adjudication upon the merits.”
The limited holding of the Family Court makes the reason for the dismissal unclear. The portion of the verdict which states “[defendant address unknown” implies that the case was dismissed for failure to acquire jurisdiction over the defendant as required under Ala.Code § 26-17-10(c), which states in part: “Jurisdiction over a nonresident may be acquired only by personal service of summons outside this state or by certified mail with proof of actual receipt.” Jurisdictional dismissal is further supported by the defendant’s motion to dismiss, which states as a reason for dismissal, the failure to acquire jurisdiction. If the Court lacked jurisdiction, then Rule 41(b), A.R.Civ.P. makes it clear that there is no adjudication upon the merits. Ex parte Hamilton & Riggs Agency, Inc., 495 So.2d 658 (Ala.1986).
P.A.D. argues that the portion of the Family Court’s order which states “[petitioner not present” implies that the case might possibly have been dismissed for failure to prosecute, and such a dismissal is generally considered an adjudication upon the merits. Fowler v. Fowler, 455 So.2d 889 (Ala.Civ.App.1984). It is unclear, however, why the family court dismissed the first paternity suit. A dismissal with prejudice for want of prosecution is within the discretion of the trial court, but this is considered a harsh sanction which “should be used only in extreme circumstances.” Agio Indus., Inc. v. Delta Oil Co., 485 So.2d 340, 342 (Ala.Civ.App.1986) (citing Selby v. Money, 403 So.2d 218 (Ala.1981)). The policy of the courts is to favor an adjudication of the case on the merits. Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117 (Ala.1977). A dismissal with prejudice for failure to prosecute requires “a cle.ar record of delay, willful default or contumacious conduct by the offending party.” Agio at 342. There is no record of such conduct on the part of P.A.W. upon which a court could find that the dismissal was for a failure to prosecute. We therefore find that the paternity suit was dismissed without prejudice to P.A.W.
As the paternity case was dismissed without prejudice, then the instant case, the second paternity action, was clearly not precluded by res judicata. It was therefore error for the circuit court to dismiss the State’s appeal for a trial de novo. There is clearly a question of fact to be decided in the instant case, i.e., whether P.A.D. is the father of C.B.W. There is no agreement on the facts, and there is no waiver of the jury trial. See C.L.D. v. D.D., 575 So.2d 1140 (Ala.Civ.App.1991). We therefore pretermit any discussion of whether the appeal should have been directed to this court under Rule 28 of the Rules of Juvenile Procedure or under Ala.Code 1975, § 26-17-20(b) of the Alabama Uniform Parentage Act.
The second issue raised by the State is whether the State had the right to amend the complaint to add the child as a party plaintiff. Ex parte Snow, 508 So.2d 266 (Ala.1987), held that a child’s interests were sufficiently different from that of the mother to allow a separate cause of action for paternity, that the parent and child are not in privity, and that there is not an identity of interests between the parties. P.A.D. argues that the amended complaint is not valid because the complaint as originally filed was invalid. See Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980). As we find that the complaint was valid, there was no reason for the trial court to refuse to grant the amendment allowing an interested and distinct party to join in the litigation. See Ex parte Snow.
*101 In light of the foregoing, we find that the circuit court erred in dismissing this paternity case against P.A.D. and in not allowing the amendment joining C.B.W. as a party plaintiff. We therefore reverse the trial court’s order and remand this cause for a trial de novo.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.