R. Craig Norwood filed this proceeding in this court under the style R. Craig Norwood v. Mariner Lakes Property OwnersAssociation, Inc. We have determined that the substance of this proceeding is a request for a writ of mandamus, and we have restyled this case accordingly.
This case involves a trial court's reversal of a decision of a planning commission.
R. Craig Norwood applied to the Town of Orange Beach for a permit to build a recreation center on property located within the township limits. An attorney representing the Orange Beach Planning Commission (Commission) prepared an opinion which stated that the Commission was not empowered to reject the project, but could enact restrictions on particulars such as lights, noise, and vibrations to lessen the nuisance to neighboring property owners.
The Commission met on January 21, 1992, and approved the project, with certain restrictions on noise, lights, drainage, and traffic flow. Mariner Lakes Property Owners Association, Inc. (Mariner Lakes), representing neighboring property owners, challenged the project to the Orange Beach Board of Adjustment, which declined to hear the appeal. Mariner Lakes sought relief from the circuit court; however, it is unclear precisely what relief was sought as the record does not contain a complete copy of the complaint. Norwood's motion to intervene in this action was granted.
In April 1992, the trial court entered an order holding, inter alia, that the Commission "may in its sound discretion either approve or disapprove a permitted use after a specific project review." The trial court then remanded the cause to the Commission with specific instructions regarding further proceedings. Norwood filed this proceeding in this court, contending that the trial court erred in overturning the Commission's approval of Norwood's project.
The trial court's order remanded the cause to the Commission for further specified proceedings consistent with its determination that the Commission possessed the authority to approve or reject the project. *Page 1212 
The record is devoid of any evidence that the Commission considered the project again, or that an aggrieved party appealed from that decision. Therefore, we must first determine whether the trial court's April order is a final, appealable order. Rule 54, A.R.Civ.P.
Ordinarily, an appeal will lie only from a final judgment; i.e., a judgment which conclusively determines issues before the trial court and ascertains and declares the rights of all parties involved. Bean v. Craig, 557 So.2d 1249 (Ala. 1990). In this case, the trial court's order addressed the issue of whether the Commission had the authority to reject the project; however, it did not address the merits of whether to approve or disapprove the project. Therefore, it is in the nature of an interlocutory order. See Davis v. Turner, 55 Ala. App. 366,315 So.2d 602 (1975). Although this court generally reviews only final judgments, Tidwell v. Tidwell, 496 So.2d 91
(Ala.Civ.App. 1986), court policy favors adjudication of cases on their merits. State ex rel. P.A.W. v. P.A.D., 591 So.2d 98
(Ala.Civ.App. 1991). Therefore, we opt to treat Norwood's filing in this court as a petition for writ of mandamus. Alabama Department ofPensions Security v. Johns, 441 So.2d 947
(Ala.Civ.App. 1983). See also Citicorp Person to Person Financial Center,Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App. 1982).
Mandamus is a drastic and extraordinary remedy, which should be granted only when there is clear showing that the trial court abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte Thompson, 474 So.2d 1091
(Ala. 1985). Furthermore, mandamus is not to be granted unless there is a clear showing of error on the part of the trial court. Ex parte Phillips, 578 So.2d 1371 (Ala.Civ.App. 1991). Because Norwood cannot directly appeal the interlocutory order to this court, review must be by mandamus or not at all.
The issue, therefore, is whether the trial court correctly interpreted the Orange Beach zoning ordinance. Consequently, this court must look to the trial court's interpretation of the ordinance to determine whether clear error exists. Ex partePhillips, supra.
Table 4.01 ("Permitted Uses and Conditions") of the zoning ordinance allows amusement and recreation services only in areas zoned "GB." Amusement and recreation services are further designated with a "P" restriction. The comments to the zoning ordinance state:
 "The following Table contains a list of land use permitted in each District. Opposite each land use, in the appropriate and District column or columns, the letter 'R' identifies those Districts in which a particular land use is permitted by right. The letter 'P' identifies those uses that may be permitted in a District, but only after specific project review and approval by the Planning Commission prior to the project's construction start." (Emphasis added.)
Clearly, amusement and recreation services are not permitted by right in Orange Beach. Rather, they are a use which the Commission may grant or deny at its discretion. No other interpretation is consistent with the plain wording of the ordinance. Plain language in a statute should be considered to mean exactly what it says. Ex parte Madison County, Alabama,406 So.2d 398 (Ala. 1981). Rules used to construe statutes are also used to construe ordinances. St. Paul Fire MarineInsurance Co. v. Elliott, 545 So.2d 760 (Ala. 1989).
Additionally, we note that the trial court correctly characterized Norwood's proposal as a request for a special exception. A special exception is an enumerated use, specified in the zoning ordinances, that requires the approval of an administrative board or agency. Ex parte Fairhope Board ofAdjustment Appeals, 567 So.2d 1353 (Ala. 1990). It naturally follows, then, that the authority to approve a use carries with it the concomitant power not to approve a use.
Construction of a zoning ordinance is a question of law,Civitans Care, Inc. v. Board of Adjustment of City ofHuntsville, *Page 1213 437 So.2d 540 (Ala.Civ.App. 1983); because we find no error in the trial court's interpretation, Norwood's petition for writ of mandamus is denied.
WRIT DENIED.
ROBERTSON, P.J., and RUSSELL, J., concur.