RICHARD L. HOLMES, Retired Appellate Judge.
This is a zoning case.
In 1972 the City of Tuscaloosa (City) adopted a zoning ordinance. At that time, the zoning classification given to the property located at 1511 University Boulevard, Tuscaloosa, Alabama (subject property), was Neighborhood Business/Commercial (BN).
We would note that a two-story house and a separate garage-apartment were located on the subject property and that prior to 1972, the subject property was being used solely for residential purposes. Additionally, we would note that the zoning ordinance allowed the owners to continue to use the subject property for residential purposes, which was a non-conforming use for property zoned BN. The zoning ordinance contains the following pertinent statements in § 35-115 E. of Article XI:
“When a non-conforming use ... is discontinued or abandoned for six (6) consecutive months or for eighteen (18) months during any three-year period ..., the structure ... shall not thereafter be used except in conformity with the regulations of the district in which it is located. The term ‘discontinued’ as used herein shall refer to actual non-use of the property for a nonconforming use, regardless of any intention of the property owner to resume such use at a later date.”
(Emphasis added.)
On September 12, 1985, the Traditional Episcopal Foundation of Alabama, Inc. (Episcopal Foundation), purchased the subject property. The Episcopal Foundation used the facilities on the subject property as a chapel for Trinity Parish and as a student center. During this period, students lived in the bedrooms located on the second floor of the main dwelling, and sometimes a student lived in the garage-apartment. These students were responsible for maintaining the grounds, providing janitorial services for the facilities, and assisting with church-related activities on campus.
In November 1987 Mark Booth purchased the subject property. The Episcopal Foundation retained possession of the subject property and continued to use the facilities in the same manner as it did prior to the sale. In May 1988 the Episcopal Foundation moved from the subject property, and Booth began to rent the property to various college students for residential purposes.
On September 13, 1993, Booth received written notice from the. City’s zoning officer that Booth’s use of the subject property for residential purposes was a violation of the City’s zoning ordinance.
Booth petitioned the City’s Zoning Board of Adjustment (Board), requesting that the Board overrule the zoning officer’s interpretation that the current use of the subject property as a dwelling was a violation of the City’s zoning ordinance. On January 25, 1994, the Board voted to uphold the zoning-officer’s interpretation.
On February 7, 1994, Booth filed a petition for judicial review, pursuant to Ala.Code 1975, § 11-52-81. The Board filed a summary judgment motion, which was denied.
*754 The case proceeded to trial. The parties made the following stipulation at trial:
“The parties stipulate that the use of the property from September 12, 1985, to May 30,1988, is the only time period where the use of the property is disputed by the parties. And that stipulation was entered into by counsel for [Booth] and counsel for [the Board].”
At trial, the Board made a motion for a directed verdict, which was denied. The case was submitted to the jury, which returned a verdict in favor of Booth. Thereafter, the Board filed a motion for a judgment notwithstanding the verdict, which was denied.
The Board appeals.
The Board contends that the trial court committed reversible error when it denied the Board’s motion for a directed verdict and when it denied the Board’s motion for a judgment notwithstanding the verdict. The Board argues that there was no question of-fact to be presented to the jury because, it says, there was no factual dispute as to the use of the subject property between September 1985 and May 1988. The Board contends that the trial court should have ruled as a matter of law that the subject property lost its non-conforming-use status when the subject property was used as a church and a student center between September 1985 and May 1988.
As previously noted, the subject property was being used for residential purposes in 1972. This was a non-conforming use after the adoption of the zoning ordinance. The question is whether this non-conforming use was “discontinued or abandoned for six (6) consecutive months or for eighteen (18) months during any three-year period” between September 1985 and May 1988.
The Board points out that it is undisputed that the subject property was used as a church and a student center, which is a permitted use for property zoned BN. The Board contends that use of the upstairs as living quarters was clearly an accessory use and was customarily incidental to the use of the subject property as a church and a student center. The Board points out that such accessory use is also permitted for property zoned BN.
The Board stated the following in its brief on appeal:
“No substantial evidence was presented that the subject property from September of 1985 until May of 1988 was used for anything other than a permitted use in a BN district.... Because the church was using the property as permitted in a BN district, there was no longer a non-conforming use and the non-conforming use status to use the property solely as a residence is lost.”
We would note that Reverend Edward Whatley, the rector and chaplain to students when the Episcopal Foundation owned and possessed the subject property, testified that the property was “set up” to be used as a student center, with students actually living on the premises.
Booth points out that under the zoning ordinance, property is not limited to only one use, but may be subject to multiple uses. Booth also points out that for a non-conforming use to be “discontinued” under the zoning ordinance, there must be “actual non-use of the property for a non-conforming use.” (Emphasis added.)
Booth emphasizes that while the zoning ordinance could have stated that the nonconforming use was “discontinued or abandoned” if such use became an accessory use, an incidental use, a subordinate use, or a joint use, the City chose to use “actual non-use” as the standard of loss of the nonconforming-use status.
This court stated the following in Ex parte Norwood, 615 So.2d 1210, 1212 (Ala.Civ.App.1992): “Plain language in a statute should be considered to mean exactly what it says. Rules used to construe statutes are also used to construe ordinances.” (Citations omitted.)
Booth contends that the evidence demonstrates that there has never been “actual non-use” of the subject property for residential purposes. Stated another way, the evidence demonstrates that the subject property has always had a residential use.
In light of the above, there existed a question of material fact regarding whether the *755 subject property lost its non-conforming-use status, and the trial court properly submitted the case to the jury. Consequently, the trial court did not commit reversible error when it overruled the Board’s.motion for a directed verdict and the Board’s motion for a judgment notwithstanding the verdict.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.