CRAWLEY, Judge.
In February 1994, Edna Dowdell sued, among others, the Macon County Department of Human Resources (“Macon County DHR”) and the State Department of Human Resources (“State DHR”), seeking damages under 42 U.S.C. § 1983. The Macon County DHR and the State DHR moved for a summary judgment, arguing that the § 1983 claim against them was barred by the doctrine of sovereign immunity. The trial court denied their motion. They have petitioned for a writ of mandamus ordering the trial court to enter a summary judgment for them.
“Mandamus is a drastic and extraordinary remedy, which should be granted only when there is a clear showing of error on the part of the trial court.” Ex parte Norwood, 615 So.2d 1210, 1212 (Ala.Civ.App. 1992). The petitioner must show a clear and indisputable right to the relief he seeks. Ex parte Tampling Tile Co., 551 So.2d 1072 (Ala.Civ.App.1989).
The Supreme Court has held that the State DHR and a county DHR are state agencies protected by sovereign immunity from suit in any court of law and that such an agency is entitled to a writ of mandamus to assert its right to sovereign immunity. Ex parte Franklin County Dep’t of Human Resources, 674 So.2d 1277 (Ala.1996). The United States Supreme Court has held that state entities are immune from § 1983 claims. Will v. Michigan Dep’t of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). We conclude that the State DHR and the Macon County DHR are entitled to have their summary judgment motion granted on the ground of sovereign immunity. The trial court is directed to enter a summary judgment for these defendants.
WRIT GRANTED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
YATES, J., concurs in the result.