I agree with Judge Thompson that the trial court's order denying Williams's request to admit evidence from the custody proceedings involving the son of Fogarty's wife and her ex-husband, Stephens, in the custody proceedings involving the daughter of Fogarty and Williams, is not the kind of order that can be certified as final pursuant to Rule 54(b), Ala.R.Civ.P. I would treat the attempted appeal following the Rule 54(b) order as a petition for the writ of mandamus to review the trial court's order excluding the evidence from the other custody proceeding.
"Mandamus is a drastic and extraordinary remedy, which should be granted only when there is a clear showing of error on the part of the trial court." Ex parte Norwood, 615 So.2d 1210, 1212
(Ala.Civ.App. 1992). The petitioner must show a clear and indisputable right to the relief she seeks. Ex parte Tampling Tile Co., 551 So.2d 1072 (Ala.Civ.App. 1989).
The trial court excluded the evidence on the theory that the doctrine of collateral estoppel barred the admission of the evidence. Collateral estoppel requires four elements:
 "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions."
Smith v. Union Bank Trust Co., 653 So.2d 933, 934 (Ala. 1995). I conclude that the doctrine of collateral estoppel does not apply in this case, because the same parties are not involved in the two custody cases. Fogarty's wife and her ex-husband were the parties in *Page 834 
the first case, while Fogarty and Williams are the parties in the second case. Therefore, I vote to issue a writ of mandamus directing the trial court to admit the evidence from the first case.