I acknowledge that Dunlop has not appealed from a final judgment; however, instead of dismissing the appeal, I would treat the appeal as a petition for a writ of mandamus. See Roark v. Bell, 716 So.2d 1245
(Ala.Civ.App. 1998); R.E. Grills, Inc. v. Davison, 641 So.2d 225 (Ala. 1994); Ex parte Norwood, 615 So.2d 1210 (Ala.Civ.App. 1992). "Mandamus is a drastic and extraordinary remedy, which should be granted only when there is a clear showing of error on the part of the trial court."Norwood, 615 So.2d at 1212. The petitioner must show a clear and indisputable right to the relief he seeks. Ex parte Tampling Tile Co.,551 So.2d 1072, 1074 (Ala.Civ.App. 1989).
Dunlop argues that the trial court erred by entering the summary judgment for Arch and ordering Dunlop to pay for what it contends is unauthorized medical treatment. We first conclude that Arch's motion, styled as a summary-judgment motion, is more properly treated as a petition asking the trial court to resolve a dispute regarding the payment of medical expenses. See Ala. Code 1975, § 25-5-77(i)(4). Therefore, we will not apply the summary-judgment standard of review. See Rule 56, Ala.R.Civ.P.; and West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
After applying the procedure of § 25-5-77(i)(4) and after reviewing the evidence in the record, we conclude that the trial court's order providing that Dunlop would pay for Arch's pain-management program is supported by substantial evidence. See Ex parte Trinity Indus., Inc.,680 So.2d 262 (Ala. 1996) (stating that the standard of review in a workers' compensation case is a substantial-evidence standard of review); and Combustion Eng'g, Inc. v. Walley, 541 So.2d 560
(Ala.Civ.App. 1989) (stating the grounds upon which a trial court may order a company to pay for unauthorized medical expenses). Therefore, I would deny the writ.