CRAWLEY, Judge,
dissenting.
I conclude that the postmark date can be the date of filing for the initial notice of appeal and for the petition for judicial review. Ala.Code 1975, § 41-22~20(d), discusses both the “notice of appeal” and the “petition for judicial review,” and then, several sentences later, states, “Any notice required herein which is mailed by the petitioner, certified mail return receipt requested, shall be deemed to have been filed as of the date it is postmarked.” I conclude that the phrase “[a]ny notice” applies to both the initial notice of appeal and the petition for judicial review; therefore, I would hold that Martin timely filed her petition for judicial review, because the petition was timely postmarked. This interpretation of § 41-22-20(d) furthers the court’s policy of reviewing and adjudicating cases on their merits. State ex rel. P.A.W. v. P.A.D., 591 So.2d 98 (Ala.Civ.App.1991).