On Initial Appellate Review in Case No. 2960623 and On Application for Rehearing in Case No. 2960759
This court's October 3, 1997, opinion in case no. 2960759 is withdrawn, and the following opinion is substituted therefor.
Louis F. Bell and his sisters, Girlene Vassar, Susie A. Watson, and Ruby Watkins (the "Bells") brought an action to, among other things, quiet title and fix a boundary line between their property and the property owned by Neal S. Roark and his wife Betty Jo Roark. The litigation was concluded by a consent judgment on June 16, 1996. However, the Roarks did not sign the agreement on which the judgment was based.
On August 1, 1996, the Roarks filed a Rule 60(b), Ala. R. Civ. P., motion for relief from the judgment. That motion states as grounds for relief the following:
 "1. That it was discovered that Montgomery County owns the property in question and that the interests of Montgomery County were not represented in this matter.
 "2. That the [Roarks] . . . have represented to their counsel that they did not fully understand the ramifications of the [agreement] entered into between the parties prior to the Court's entry of judgment.
 "3. That new and additional evidence indicates the County's position on the matter is to return the land in question to the property owners from whom said property was condemned. These property owners would be the Whatleys and through the chain of title, the [Roarks]." *Page 1247 
On January 15, 1997, the trial court denied that motion without a hearing. On February 25, 1997, the Roarks appealed (the "Roark appeal") to the Alabama Supreme Court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
On February 7, 1997, the Roarks, through different counsel, filed a second Rule 60(b) motion for relief from the judgment, as permitted by Rule 60(b). That second motion, in pertinent part, states:
 "1. The [agreement upon which the] 'Consent' Decree of June 16, 1996 [was based], was executed by [the Roarks' first attorney,] without the [Roarks'] authority . . . and contrary to their express instructions. . . .
". . . .
 "3. On August 1, 1996, and within four (4) months after the 'Consent' Decree was entered, [the Roarks' first] attorney . . . filed a motion for relief from order. . . .
". . . .
 "5. [The Roarks'] motion for relief from order [filed by their first attorney] was denied by this Honorable Court on January 15, 1997. This motion is filed within 30 days of said denial and is filed within a 'reasonable time' of the entry of judgment as contemplated by Rule 60(b), Ala. R. Civ. P."
After a hearing, this second motion for relief from the judgment was granted by the trial court on March 27, 1997. The Bells appealed (the "Bell appeal") to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6). This court consolidated the Roark and Bell appeals. In light of the Roarks' success on their second Rule 60(b) motion, the Bells filed a motion to dismiss the Roark appeal; we granted that motion. However, after this court issued its opinion of October 3, 1997, in case no. 2960759, the Roarks moved to reinstate their appeal. We granted their motion, and we consolidated the reinstated Roark appeal with the Bell appeal, which was pending on application for rehearing.
The first issue this court must address is whether it has jurisdiction over the Bell appeal. Generally, an order granting a Rule 60(b) motion for relief from a judgment is not appealable. R.E. Grills, Inc. v. Davison, 641 So.2d 225, 227
(Ala. 1994). Such an order is interlocutory because further proceedings are contemplated in the trial court. Davison, 641 So.2d at 227-28. Typically, an appeal to this court lies only from a final judgment. Ala. Code 1975, § 12-22-2; see also Exparte Norwood, 615 So.2d 1210, 1212 (Ala.Civ.App. 1992). Review of interlocutory orders, such as an order granting a Rule 60(b) motion, is achieved not by appeal, but by petition for the writ of mandamus. Davison, 641 So.2d at 228. Rather than dismiss the Bell appeal, we choose to treat it as a petition for the writ of mandamus. Norwood, 615 So.2d at 1212.
"Mandamus is a drastic and extraordinary remedy, which should be granted only when there is a clear showing of error on the part of the trial court." Id. (citations omitted). The petitioner must show a clear and indisputable right to the relief he seeks. Ex parte Tampling Tile Co., 551 So.2d 1072,1074 (Ala.Civ.App. 1989). The Bells argue that the circuit court was without authority to grant the Roarks' second motion for relief from the judgment. After considering the arguments presented on application for rehearing, we disagree.
Although successive Rule 60(b) motions on the same grounds are generally motions to reconsider the original ruling, which Rule 60(b) does not authorize, Ex parte Dowling, 477 So.2d 400,403 (Ala. 1985), the Roarks' motion was due to be granted because of the aggravating circumstances in this case. The Roarks' affidavits establish that their first attorney settled the case without authorization and contrary to their express instructions. In addition, those affidavits state that the Roarks' first attorney had ensured them that the consent judgment would be set aside. The original Rule 60(b) motion, however, did not reveal that the attorney had acted without authority in settling the matter. These facts are not disputed.
The power to settle a client's case " 'is not incidental, and requires express authority.' " Blackwell v. Adams,467 So.2d 680, 684 (Ala. 1985) (quoting Senn v. Joseph, *Page 1248 106 Ala. 454, 457-58, 17 So. 543, 543-44 (1895)). Whether an attorney has such authority is a question of fact.Blackwell, 467 So.2d at 684. The Roarks presented uncontradicted affidavits stating that their first attorney did not have authority to settle their case, and the trial court had the power to set aside the consent judgment on that proof.See id.; see also Ex parte Oden, 617 So.2d 1020, 1027
(Ala. 1992) (holding that an attorney's gross negligence or misconduct can form the basis for granting a Rule 60(b)(6) motion). Therefore, the Bells are not entitled to a writ of mandamus.
In light of our denial of the writ requested, we need not address the merits of the Roarks' appeal from the denial of the first Rule 60(b) motion.
All requests for an attorney fee on appeal are denied.
CASE NO. 2960623 (THE ROARK APPEAL) — DISMISSED AS MOOT.
CASE NO. 2960759 (THE BELL APPEAL) — OPINION OF OCTOBER 3, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; RULE 39(k) MOTION DENIED; AND WRIT OF MANDAMUS DENIED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.