On Application for Rehearing
The opinion of October 20, 2000, is withdrawn, and the following is substituted therefor:
Douglas Englebert sued his son and daughter-in-law, Charles D. Englebert and Helen Englebert (referred to collectively as the "son"), alleging that the son had converted the father's pension funds to his own use and that he had fraudulently obtained funds from the bank account of the father's wife. The father died on February 19, 1998. His personal representative, James Arthur Englebert, was substituted. The son failed to answer the complaint, and Judge William J. Wynn, in September 1997, rendered a default judgment against him, "with leave to prove damages." After conducting a damages hearing, Judge *Page 976 
Wynn entered a $70,000 default judgment against the son on January 30, 1998.[1]
On February 26, 1998, the son filed a postjudgment motion, in which he referred to Rule 55(c), Ala.R.Civ.P., and Rule 60, Ala.R.Civ.P., and "all other applicable Rules of Civil Procedure," requesting that the default judgment be set aside. The son argues that the motion was one pursuant to Rule 60. The personal representative, however, argues that the motion was one pursuant to Rule 55(c). The distinction is extremely important in this case because jurisdiction turns on whether the motion was subject to the 90-day rule of Rule 59.1, Ala.R.Civ.P.
An appellate "[c]ourt looks to the essence of a motion, not necessarily its title, to determine how the motion is to be considered under the Alabama Rules of Civil Procedure." Ex parte Johnson, 715 So.2d 783, 785
(Ala. 1998). Motions filed within the 30-day limitation of Rule 59(e), Ala.R.Civ.P., have been held to be Rule 59 motions and not Rule 60 motions when they have been filed within 30 days of the judgment and have requested relief available under Rule 59(e). See Johnson, 715 So.2d at 786; Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281 (Ala. 1996). We therefore hold that the son's motion for relief from the default judgment, which was filed within 30 days of the entry of that judgment, was a Rule 55(c) motion to set aside a default judgment.
The judge did not rule on that motion within 90 days; accordingly, it was deemed denied by operation of law on May 27, 1998. Rule 59.1, Ala. R. Civ P. However, Judge Wynn purported to grant the motion and to recuse himself, by order dated June 4, 1998. The case was reassigned to Judge Tennant M. Smallwood, Jr.
Apparently, neither the parties nor Judge Smallwood realized that Judge Wynn's order of June 4 was a nullity; thus, the personal representative filed a motion to set aside that order. Judge Smallwood, on August 20, 1998, entered an order purporting to grant that motion and to reinstate the default judgment. Judge Smallwood stated in his August 20 order that the son had leave to file another postjudgment motion, and he did so, on August 31, 1998.
The son's August 31 motion to set aside the August 20 order relied on Rules 59 and 60, Ala.R.Civ.P. Judge Smallwood granted this motion in September 1998, again setting aside the January 1998 default judgment. The case went to trial; Judge Smallwood granted a motion in limine excluding nearly all of the personal representative's evidence; the case was dismissed on August 2, 1999.
The personal representative filed a motion styled "Motion to Reinstate" on September 1, 1999. Judge Wynn entered an order dated November 30, 1999, purporting to reassign the case to himself and to grant the motion to reinstate. In his order, Judge Wynn stated that he would hear additional testimony or entertain motions for summary judgment. The personal representative filed a motion for summary judgment in December 1999, which was ultimately granted by Judge Smallwood in March 2000, after Judge Wynn had retired. Judge Smallwood's order purported to reinstate the default judgment. The son appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6). *Page 977 
Although the tortuous procedural history of this case has led the son to appeal the reinstatement of a default judgment after the dismissal of the action at trial, the more pertinent order is the much earlier order of June 4, 1998, purporting to set aside the default judgment. As we have stated, that order was a nullity. See Rule 59.1. It has no legal effect. Therefore, all orders entered after June 4, 1998, and based on the purported order of that date are also nullities. The trial court lost jurisdiction over the default judgment on May 27, 1998. The son had 42 days from that date to appeal. Rule 4, Ala.R.App.P. He did not appeal within that time.
We have considered whether the son's August 31, 1998, motion to set aside the order purporting to set aside the order purporting to grant the original postjudgment motion could be construed as a motion pursuant to Rule 60(b), Ala.R.Civ.P., attacking the January 30, 1998, default judgment. However, as our supreme court has stated, "[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. . . . In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal. . . ." Ex parte Dowling, 477 So.2d 400, 404
(Ala. 1985). A Rule 60(b) motion cannot be used as a substitute for an appeal. City of Daphne v. Caffey, 410 So.2d 8, 10 (Ala. 1981). The son's August 31 motion could not be used as a separate means of attacking the January 30 default judgment, which, as a result of the trial court's failure to timely rule upon the son's Rule 55(c) motion, has stood as valid since it was entered.
Because the orders entered after the void June 4, 1998, order was entered are also void as orders purporting to grant untimely postjudgment motions, the appeal is due to be dismissed.
OPINION OF OCTOBER 20, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; APPEAL DISMISSED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.
[1] The default judgment was interlocutory until the damages were determined; therefore, it became final on January 30. See Ex parteKeith, 771 So.2d 1018, 1019-20 (Ala. 1998).