Huey McLendon appeals from an order of the Mobile Circuit Court granting defendant Roland Hepburn's motion to cancel the registration of a revived judgment and to abate all proceedings on that judgment. We affirm.
In 1979, McLendon sued Hepburn alleging breach of a contract relating to the construction of a home. Hepburn answered the complaint, but apparently did not otherwise appear before the trial court, and, on April 22, 1981, the trial court entered a default judgment for McLendon and awarded him $25,000. That judgment was never executed.
On December 18, 1997, McLendon filed a motion to revive the April 22, 1981, judgment. The trial court granted the motion on April 24, 1998. McLendon filed a garnishment proceeding against Hepburn on July 25, 2001, and Hepburn was served with notice of the garnishment proceeding on August 2, 2001. The bank that possessed the funds that McLendon sought to garnish filed an answer with the trial court on August 8, 2001, indicating that Hepburn had approximately $334 available. On August 14, 2001, McLendon filed a motion to condemn those funds, and those funds were condemned on September 21, 2001. Those funds were dispersed to McLendon's attorney on October 2, 2001.
On October 5, 2001, however, Hepburn filed a motion styled "Motion to Alter, Amend, or Vacate Order Reviving Judgment as to Defendant Roland Hepburn." The trial court denied Hepburn's motion "pending a hearing scheduled on November 20, 2001 . . . for the purpose of presenting evidence, if any, concerning the presumption that the judgment at issue is satisfied as set forth in § 6-9-191[, Ala. *Page 481 
Code 1975]." Neither Hepburn nor his attorney appeared at the hearing; the trial court took testimony from McLendon's previous attorney and heard arguments from his current counsel. After the hearing, the trial court denied Hepburn's motion to alter, amend, or vacate, and affirmed the order reviving the 1981 judgment entered by it on April 24, 1998. No appeal was taken from that judgment, and McLendon discharged the garnishment. McLendon then obtained a certificate of judgment referencing the revived 1981 judgment and proceeded to register that certificate of judgment in the counties of Autauga, Elmore, and Montgomery.
On January 24, 2002, Hepburn filed a motion styled "Motion to Cancel Registration and Abate All Proceedings," in which he requested that the trial court cancel the registration of the revived judgment in each county in which it had been registered and prohibit McLendon from taking any further action on the revived judgment. The motion was briefed and argued by the parties. On March 28, 2002, the trial court issued an order granting Hepburn's January 24, 2002, motion, concluding that "[a]ll actions for writs of garnishments filed by [McLendon] after April 22, 2001 are based on a judgment no longer in existence and [are] conclusively presumed satisfied."
On May 13, 2002, in response to a "motion to reconsider" filed by McLendon, the trial court entered a revised order reciting the same findings of fact and conclusions of law as in its March 28, 2002, order. The court also stated in its May 13 order that that order resolved all matters between the parties, and it certified the order as final pursuant to Rule 54(b), Ala.R.Civ.P. McLendon filed a timely notice of appeal.
The trial court summarized the issue before it in both its March 28, 2002, and its May 13, 2002, orders as follows:
 "What is the effect of reviving a judgment, more than ten years but not more than twenty years, after the judgment's entry; in other words, does reviving a judgment more than ten years but not more than twenty years after its entry, grant a plaintiff-creditor more than twenty years from the judgment's entry on which to execute upon the judgment?"
The trial court answered this question in the negative based on its interpretation of the pertinent Alabama statutes and caselaw.
Before evaluating that decision, we must first determine whether the trial court had jurisdiction to enter its order granting the relief requested by Hepburn. "[T]he question of jurisdiction is a question of primary importance in every case, and, if there is an absence of jurisdiction over the subject-matter, this ends the inquiry. . . ."Wilkinson v. Henry, 221 Ala. 254, 256, 128 So. 362, 364 (1930). "We must consider, ex mero motu, questions of jurisdiction; and where a judgment appealed from is void for want of jurisdiction we have no alternative but to dismiss the appeal." City of Huntsville v. Miller, 271 Ala. 687, 689,127 So.2d 606, 608 (1958).
The trial court's March 28, 2002, and May 13, 2002, orders were entered in response to Hepburn's January 24, 2002, motion styled "Motion to Cancel Registration and Abate All Proceedings." As McLendon correctly points out, the Alabama Rules of Civil Procedure do not provide for such a post-judgment motion; therefore, it must be construed as something else in order for the court to recognize it as legitimate. Hepburn states that while his January 24, 2002, motion "does not cite a specific rule of civil procedure, it *Page 482 
is clear that Hepburn's motion complies with the grounds set forth in Rule 60(b)(5) and/or (6)[, Ala.R.Civ.P.]." "An appellate '[c]ourt looks to the essence of a motion, not necessarily its title, to determine how the motion is to be considered under the Alabama Rules of Civil Procedure.'" Englebert v. Englebert, 791 So.2d 975, 976 (Ala.Civ.App. 2000) (quoting Ex parte Johnson, 715 So.2d 783, 785 (Ala. 1998)). Thus, the first question we must consider is whether Hepburn's January 24, 2002, motion could properly be construed, and whether it was construed, as a Rule 60(b) motion.
Rule 60(b)(5), Ala.R.Civ.P., states that a "court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Hepburn contended in his motion that the April 22, 1981, judgment, which had been revived in 1998, was conclusively presumed to be satisfied after 20 years, and, therefore, Hepburn contended, McLendon's attempts to have the revived judgment executed after the expiration of the 20-year limitation period should not have been honored because the original judgment was no longer enforceable. Hepburn thus contended that the trial court was within its discretion to construe the motion as a Rule 60(b)(5) motion, and we presume that it did so despite the fact that the trial court made no explicit finding to that effect.[1]
McLendon contends, however, that Hepburn's October 5, 2001, motion also was a Rule 60(b) motion, and, therefore, he contends, even if Hepburn's January 24, 2002, motion was properly construed as a Rule 60(b)(5) motion, it was Hepburn's second Rule 60(b) motion and such successive Rule 60(b) motions are generally denied. As this court stated in Roarkv. Bell, 716 So.2d 1245, 1247 (Ala.Civ.App. 1998), "successive Rule 60(b) motions on the same grounds are generally motions to reconsider the original ruling, which Rule 60(b) does not authorize." Similarly, as we stated in Englebert:
 "'[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. . . . In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal. . . .' Ex parte Dowling, 477 So.2d 400, 404
(Ala. 1985). A Rule 60(b) motion cannot be used as a substitute for an appeal."
Englebert, 791 So.2d at 977.
Hepburn counters by arguing that the October 5, 2001, motion appeared on its face to be a Rule 59(e), Ala.R.Civ.P., motion to alter, amend, or vacate the order reviving the 1981 judgment. A Rule 59(e) motion to alter, amend, or vacate a *Page 483 
judgment, however, must be filed "not later than thirty (30) days after entry of the judgment." Rule 59(e), Ala.R.Civ.P. The order reviving the 1981 judgment was entered on April 24, 1998; Hepburn's motion styled "Motion to Alter, Amend, or Vacate Order Reviving Judgment" was filed on October 5, 2001, well past the filing deadline for a Rule 59(e) motion. Thus, if the October 5, 2001, motion had been construed as a Rule 59(e) motion, the motion would have been due to be dismissed on procedural grounds. The trial court, however, took briefs from the parties and held a hearing on the motion before denying it definitively; such actions are consistent with a treatment by the trial court of the motion as a Rule 60(b) motion.
Hepburn contends that even if the October 5, 2001, motion is construed as a Rule 60(b) motion, it does not follow that his January 24, 2002, Rule 60(b) motion was due to be denied because, Hepburn argues, the two motions were not made on "the same grounds." See Roark, 716 So.2d at 1247
(noting that Rule 60(b) does not authorize successive motions "on the same grounds"). An examination of the contents of the two motions validates Hepburn's argument.
In his October 5, 2001, motion, Hepburn posited two grounds for relief: "[1] That the plaintiff has not met [the] burden required to revive [the 1981] judgment and [2] the defendant did not receive service [of the motion to revive the judgment]." The first ground was based on § 6-9-191, Ala. Code 1975, which states that a judgment is presumed to be satisfied 10 years from the entry of the judgment, and on § 6-9-190, Ala. Code 1975, which states that a judgment cannot be revived after 20 years from the date of its entry. Because McLendon did not move to revive the 1981 judgment until 17 years after the date of its entry, Hepburn contended in his October 5, 2001, motion that McLendon had to prove that the judgment had not been satisfied and that McLendon had not done so. Neither this contention nor Hepburn's contention that there had been a failure of service is "the same ground" as the ground that was presented in Hepburn's January 24, 2002, motion.[2]
Specifically, Hepburn contended in his January 24, 2002, Rule 60(b) motion that § 6-2-32, Ala. Code 1975, prescribes a statute of limitations of 20 years for the execution of a judgment. Once that 20-year period has expired, Hepburn argued, a judgment is conclusively presumed satisfied and a revival of that judgment does not extend or begin anew the running of the limitations period. Thus, on the basis of § 6-2-32, Hepburn requested that the trial court cancel the registration of the judgment against him in each of the counties in which McLendon had registered it. The trial court agreed with Hepburn's argument and granted the relief requested.
The ground for relief stated by Hepburn in his January 24, 2002, motion is different than the grounds stated in Hepburn's October 5, 2001, motion. Moreover, the January 24, 2002, motion did not operate as a motion requesting that the trial court reconsider its previous denial of the October 5, 2001, motion because the January 24, 2002, motion requested relief based on an entirely different ground than did the October 5, 2001, motion. Indeed, the second Rule 60(b) motion raised an issue that could not even have been raised during the revival-of-judgment proceedings because the statute of limitations had not yet *Page 484 
expired when the trial court revived the 1981 judgment on April 24, 1998. Thus, the January 24, 2002, motion was not "a substitute for an appeal." Englebert, 791 So.2d at 977.
Having determined that the trial court had jurisdiction to enter its order granting Hepburn's January 24, 2002, motion, we now turn to the merits of Hepburn's contention, with which the trial court agreed.
Section 6-2-32 states: "Within 20 years, actions upon a judgment or decree of any court of this state, of the United States or of any state or territory of the United States must be commenced." McLendon concedes that this statute places a 20-year limitation for commencing actions on judgments, but he argues that an execution on a judgment is not an "action" within the meaning of the statute. McLendon contends that § 6-3-32 applies only to entirely new lawsuits and that the garnishment proceeding filed on July 25, 2001, does not qualify as such; thus, he argues, the statute has no applicability. McLendon cites the Black's LawDictionary definition of "action," which states that it is a "[t]erm in its usual legal sense [that] means a lawsuit brought in a court; a formal complaint within the jurisdiction of a court of law." Black's LawDictionary 28 (6th ed. 1990) (emphasis added).
However, the foregoing definition continues, stating that an action "includes all of the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." Id. (emphasis added). An execution of a judgment seeks enforcement of the right vindicated in court.[3] We conclude that an execution on a judgment is an "action" upon that judgment.
McLendon next argues that the revival of the judgment he obtained on April 24, 1998, extended the time within which he could execute on and record the judgment by an additional 10 years, regardless of the 20-year statute of limitations in § 6-2-32. McLendon cites §§ 6-9-190, 6-9-191,6-9-192, and 6-9-211, Ala. Code 1975, in support of this proposition. Section 6-9-190 states: "A judgment cannot be revived after the lapse of 20 years from its entry." Section 6-9-191 provides, in pertinent part: "If 10 years have elapsed from the entry of the judgment without issue of execution . . ., the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff." Section 6-9-192
provides that "[n]o execution shall issue on a judgment . . . on which an execution has not been sued out within 10 years of its entry until the [judgment] has been revived. . . ." Section 6-9-211 provides that a recorded certificate of judgment "shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue *Page 485 
for 10 years after the date of such judgment. . . ."
The scheme that results from those statutes is that an original judgment may be executed at any time, without revival, within 10 years of the entry of that judgment. After 10 years, a judgment creditor seeking enforcement of the judgment must move for revival of the judgment and, in doing so, must overcome the presumption that the judgment has been satisfied. An order reviving a judgment cannot be obtained, however, more than 20 years after the original judgment was entered. Once revival of the judgment is obtained, the party is permitted to record the certificate of judgment, which may remain as a lien on the subject property for up to 10 years.
In essence, McLendon argues that the revival of the 1981 judgment he obtained 17 years after its original entry acts as a new judgment that negates enforcement of the 20-year statute of limitations and that his recording of the certificate of the revived judgment in three counties gave him 10 more years in which to execute on the judgment according to § 6-9-211. McLendon assures us that under this reading of the statutory scheme, 30 years is the maximum length of time that execution on a judgment could be maintained because, he states, § 6-9-190, Ala. Code 1975, would operate to foreclose a judgment creditor from obtaining another revival of a judgment after 20 years had passed from the date of the original judgment.
McLendon's argument is inconsistent with the statutory provisions of Chapter 9 of Title 6 that are at issue here, especially when read in pari materia with § 6-2-32, and accepting his argument would deprive § 6-9-190
and § 6-2-32, which otherwise work in concert with one another to effect a 20-year limitations period, of any room for operation. Likewise, McLendon's argument is at odds with repeated and long-standing pronouncements by Alabama courts regarding the nature of revived judgments.
First, if, as McLendon argues, a revived judgment truly does act like a new judgment, nothing would prevent a judgment creditor from obtaining an endless series of revivals and, accordingly, executing on the original judgment, or one of its revivals, at any time it may elect to do so in the future. The 20-year restriction on the revival of judgments purportedly imposed by § 6-9-190 would, in practice, be illusory. Section 6-2-32 would be rendered meaningless. We therefore reject McLendon's interpretation of the statutes at issue as being inconsistent with the principle that we cannot assume that in the passage of § 6-9-190 and § 6-2-32 the Legislature took it upon itself to do "a vain and useless thing." State Home Builders Licensure Bd. v. Sowell, 699 So.2d 214, 218
(Ala.Civ.App. 1997) ("[W]e recognize that a statute should be construed, if possible, to give effect to every section thereof, and that the legislature should not be deemed to have done a vain and useless thing.").
Moreover, Alabama cases are unequivocal in their pronouncements regarding the nature of revived judgments. "'"The order to revive does no more than reinvest the [judgment creditor] with the right to have execution of his original judgment,"'" a judgment that otherwise would be dormant after the passage of 10 years. Davis Int'l, Inc. v. Berryman,730 So.2d 242, 244 (Ala.Civ.App. 1999) (quoting Second Nat'l Bank ofCincinnati v. Allgood, 234 Ala. 654, 656, 176 So. 363, 365 (1937)) (emphasis added). This court's opinion in Eatman v. Goodson,36 Ala. App. 360, 58 So.2d 129 (1952), gives some indication of how long the Alabama courts have viewed revived judgments in this light: *Page 486 
 "The office of scire facias [the common-law predecessor to the revival statute] to revive a judgment is not to seek a new judgment for debt, but the purpose of the proceeding is to revitalize a dormant judgment so as to enable the creditor to enforce by execution the judgment he has already obtained. Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305 [(1929)]; Baker, Fry Co. v. Ingersoll, 37 Ala. 503 [(1861)]; Marx v. Sanders, 98 Ala. 500, 11 So. 764 [(1892)]; Mobile Drug Co. v. McCullough et al., 215 Ala. 682, 112 So. 238
[(1927)]."
36 Ala. App. at 362, 58 So.2d at 131.
Allgood provides perhaps the best parallel to the facts in this case. In Allgood, a plaintiff-creditor appealed a trial court's dismissal of garnishment proceedings on a judgment. The judgment had been obtained in 1913; execution issued on the judgment immediately, but no property was found on which to execute. The plaintiff-creditor revived the judgment 17 years later in 1930. Twenty-three years after the entry of the original judgment, in 1936, the plaintiff-creditor sought writs of garnishment against the defendant-debtor's property. The trial court deemed the judgment to have been conclusively satisfied 20 years after the date of its entry. Our Supreme Court agreed, quoting at length from Marx v.Sanders, 98 Ala. 500, 502-03, 11 So. 764, 764-65 (1892), regarding the nature of revived judgments:
 "'The object of the proceeding is not to obtain a new judgment for a debt, but to enable the judgment creditor to enforce by execution the judgment he has already obtained. . . . The order to revive does no more than reinvest the plaintiff with the right to have execution of his original judgment. His cause of action against the defendant is the original judgment, not the order to revive. The [revival] order merely confers upon the plaintiff the statutory right to issue executions on the judgment after it had become dormant for that purpose. The common-law right to sue on the judgment is not enlarged or made to accrue anew by force of the order. . . . It is plain that a new lease of life is not given to that cause of action by merely affording to the plaintiff the opportunity of resorting to the cumulative and independent remedy for the enforcement of the judgment by means of executions upon it.'"
Allgood, 234 Ala. at 656, 176 So at 365 (citations omitted) (emphasis added).
In accordance with those authorities, the trial court in this case concluded that "[a]s of twenty years from the judgment's entry, with or without revival, no execution may issue on a judgment, as the judgment is conclusively presumed satisfied." Given that sound construction of our statutes and existing precedent dictate that a revival of a judgment does nothing more than give a party the right to execute on the original judgment and that actions on an original judgment must be commenced within 20 years of the judgment's entry, it is apparent that the revival of the 1981 judgment obtained by McLendon in this case did not serve to extend or begin anew the limitations period prescribed in § 6-2-32. Accordingly, the writs of garnishment obtained after April 22, 2001, were properly quashed and the original judgment was correctly deemed unenforceable. We find no error by the trial court and, therefore, affirm its judgment.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] That the trial court did treat Hepburn's motion as a Rule 60(b)(5) motion arguably is reinforced by the fact that the trial court revised its March 28, 2002, order on May 13, 2002, to include a Rule 54(b), Ala.R.Civ.P., certification that the order was a final one. The trial court may have believed it was necessary to do this based on the general
rule as to the finality of orders granting Rule 60(b) relief:
 "Generally, an order granting a Rule 60(b) motion for relief from a judgment is not appealable. R.E. Grills, Inc. v. Davison, 641 So.2d 225, 227 (Ala. 1994). Such an order is interlocutory because further proceedings are contemplated in the trial court. Davison, 641 So.2d at 227-28. Typically, an appeal to this court lies only from a final judgment."
Roark v. Bell, 716 So.2d 1245, 1247 (Ala.Civ.App. 1998).
[2] It is not necessary that we address the merits of the two grounds asserted by Hepburn in his October 5, 2001, motion. The trial court denied that motion, and the merits of that denial are not at issue in this appeal.
[3] A quotation in Black's Law Dictionary from Edwin E. Bryant, The Lawof Pleading Under the Codes of Civil Procedure 3 (2d ed. 1899), demonstrates that McLendon's argument incorporates an antiquated view of the term "action":
 "'The terms "action" and "suit" are nearly if not quite synonymous. But lawyers usually speak of proceedings in courts of law as "actions," and of those in courts of equity as "suits." In olden time there was a more marked distinction, for an action was considered as terminating when judgment was rendered, the execution forming no part of it. A suit, on the other hand, included the execution. The word "suit," as used in the Judiciary Act of 1784 and later Federal statutes, applies to any proceeding in a court of justice in which the plaintiff pursues in such court the remedy which the law affords him.'"
Black's Law Dictionary 29 (7th ed. 1999). *Page 487