Clifton Dabbs, Joan Dabbs, and Shane Dabbs (collectively "the Dabbses") have appealed from a purported final judgment that, among other things, requires the Dabbses to pay Terry Graves $30,000. As we explain below, we must dismiss these consolidated appeals because they are from a nonfinal judgment.[1]
This case began when Terry Graves filed an action in the Lauderdale Circuit Court in September 2004 against the Dabbses and American General Financial Services ("American General"); the case was docketed as case number CV-04-475. In his complaint, Graves sought to enforce a lien to secure payment for construction work he had performed on property owned by the Dabbses ("the property") and mortgaged to American General.
The Dabbses and American General each independently answered and counterclaimed against Graves. The Dabbses' counterclaim against Graves sought damages under various theories, including, among others, that they had to employ other individuals to complete the work that they had hired Graves to perform, that Graves had charged them for supplies that he had converted for his own use, that Graves had slandered the title to their property, and that Graves had fraudulently misrepresented material facts to them. American General's counterclaim asserted that Graves had wrongfully converted and diluted American General's interest in the property when, according to American General, Graves fraudulently converted materials for his own use and fraudulently clouded the title to the property. American General sought a judgment against Graves in the amount of the diminution in the value of its interest in the property and any other relief to which it was entitled.
The Dabbses later moved to add Teresa Terry d/b/a United True Value as an additional defendant; the circuit court granted that motion. Subsequently, Four Tees, Inc., d/b/a United True Value, sued Clifton Dabbs and Joan Dabbs in case number CV-05-302, and United True Value sued Graves in case number CV-05-303.[2] The circuit court consolidated the three actions.
Following the trial of the case, the circuit court entered an order stating:
 "After a trial and upon consideration of the evidence, the Court finds and orders as follows:
 "1. With respect to the claim of Four Tees, Inc., d/b/a United True Value against Clifton Dabbs and Joan Dabbs, the Court finds in favor of the defendants, Clifton Dabbs and Joan Dabbs.
 "2. With respect to the claim of [the Dabbses] against Teresa Terry d/b/a United True Value alleging slander of title, the Court finds in favor of *Page 456 
Teresa Terry, d/b/a United True Value.
 "3. With respect to the claim of United True Value against Terry Graves, the Court finds in favor of United True Value against Terry Graves in the amount of $42,293.16.
 "4. With respect to the claims of Terry Graves against [the Dabbses], the Court finds in favor of Terry Graves in the amount of $30,000.00.
 "5. Each party shall bear the costs it has incurred."
The Dabbses appealed to the Alabama Supreme Court; that court transferred the appeals to this court, pursuant to § 12-2-7, Ala. Code 1975.
Significantly, the circuit court's judgment did not address the Dabbses' counterclaim against Graves, Graves's claim against American General, or American General's counterclaim against Graves. This court therefore entered an order stating, in part:
 "It is therefore ordered that the cause be and is hereby REMANDED for 28 days for the trial court to enter an order either (1) certifying its October 16, 2006, order as a final judgment in compliance with Rule 54(b), Ala. R. Civ. P., or (2) adjudicating the remaining claims in this case. Failure by the trial court to make a return to this court within 28 days will result in the dismissal of the appeal[s] as being from a nonfinal judgment."
Following the remand of the case, Graves filed a "motion to dismiss [American General] as party defendant." The circuit court then entered an order stating: "The motion to dismiss [American General] as party defendant filed by [Graves] is hereby granted."
As we have often noted, "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so evenex mero motu.'" Hubbard v. Hubbard, 935 So.2d 1191,1192 (Ala.Civ.App. 2006) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)). Whether a judgment is final is a jurisdictional question. Hubbard, 935 So.2d at 1192
(citing Jim Walter Homes, Inc. v. Holman,373 So.2d 869, 871 (Ala.Civ.App. 1979)). Our Supreme Court has stated that "[a] final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court." Jewell v.Jackson Whitsitt Cotton Co., 331 So.2d 623, 625
(Ala. 1976). This court has a duty to dismiss an appeal when the trial court's judgment is not final. Hubbard,935 So.2d at 1192 (citing Jim Walter Homes, 373 So.2d at 871).
Rule 41(a)(2), Ala. R. Civ. P., provides, in part, that
 "an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiffs motion to dismiss, the action may be dismissed but the counterclaim shall remain pending for adjudication by the court."
We therefore conclude that the circuit court's dismissal of American General as a "party defendant" did not dispose of American General's counterclaim against Graves. As a result, American General's counterclaim against Graves "remain[s] pending for adjudication by the court." Rule 41(a)(2).
Concerning the Dabbses' counter-claim against Graves, we note that in Roberts v. Security Trust Savings Bank ofBrilliant, 470 So.2d 674, 675 (Ala. 1985), *Page 457 
our Supreme Court stated that when a trial court enters a judgment in full for one party, that judgment implicitly denies a counterclaim by the opposing party. In this case, however, the circuit court's judgment in favor of Graves and against the Dabbses was for an amount less than what Graves had requested. Therefore, to ensure the finality of the judgment, the circuit court should explicitly address the Dabbses' counterclaim against Graves.
Because the circuit court has not completely adjudicated the controversy between the litigants in this case, it is our duty to dismiss the Dabbses' appeals.
APPEALS DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] Initially, there were three separate actions in the trial court (case no. CV-04-475, case no. CV-05-302, and case no. CV-05-303); the trial court consolidated those actions. The trial court entered one judgment, and the Dabbses filed a single notice of appeal; three different appeal numbers were assigned to correspond to the three separate case numbers in the trial court (appeal no. 2060493 — case no. CV-04-475; appeal no. 2060494 — case no. CV-05-302; and appeal no. 2060495 — case no. CV-05-303). The style of these appeals reflects the parties, and the alignment of the parties, as listed on the Dabbses' notice of appeal.
[2] The record is unclear as to the relationship, if any, between Teresa Terry d/b/a United True Value, Four Tees, Inc., d/b/a United True Value, and United True Value. It appears that one of the United True Value entities supplied materials used by Graves in the construction work performed on the property.