THOMAS, Judge.
J.W.K. (“the mother”) appeals from the denial by the Marshall Juvenile Court of her request for a hearing. In July 2007, the Marshall County Department of Human Resources (“DHR”) responded to a report that the mother and her husband had physically abused A.W. and V.W., two of their minor children. On October 2, 2007, the Marshall Juvenile Court determined that A.W. and V.W. were dependant and placed them in the custody of DHR (case nos. JU-03-140.02 and JU-03-142.02). The juvenile court awarded the mother supervised visitation and ordered her to complete a psychological evaluation.
The mother filed motions to show cause on March 12, May 13, June 11, and June 13, 2008, all seeking the immediate return of A.W. and V.W. and all presenting substantially the same allegations. On June 13, the juvenile court, after conducting a permanency hearing and a hearing on the mother’s motions to show cause, entered orders on the issues raised at the respective hearings. On July 15, the mother filed a “request for expanded visitation” and a “request for hearing.” On July 18, the juvenile court denied the mother’s re *958 quest for a hearing by a handwritten entry on the case-action summary. The mother now appeals from the juvenile court’s denial of her request for hearing.[1]
DHR argues that the juvenile court’s order denying the mother’s request for a hearing was not an appealable final order. “ ‘[A] final judgment is a termi-native decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court.’ ” Dabbs v. Four Tees, Inc., 984 So.2d 454, 456 (Ala.Civ.App.2007) (quoting Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala.1976)). “ ‘[T]he test of a judgment’s finality is whether it sufficiently ascertains and declares the rights of the parties.’ ” Coosa Valley Health Care v. Johnson, 961 So.2d 903, 905 (Ala.Civ.App.2007) (quoting Ex parte DCH Reg’l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990)). In this case, the juvenile court’s denial of the mother’s request for a hearing did not adjudicate “all matters in controversy between the litigants” in the underlying, ongoing dependency cases. Therefore, because the juvenile court’s order is not final, this court lacks jurisdiction to consider the mother’s appeal.
We note that we have the discretion to treat an appeal from a nonfinal order as a petition for writ of mandamus. Fowler v. Merkle, 564 So.2d 960, 961 (Ala.Civ.App.1990). Therefore, in an appropriate case, we could treat an appeal from an order denying relief from a reunification plan, when the evidence shows that the trial court exceeded its discretion by entering a reunification plan that is patently unreasonable or unfeasible, as a petition for a writ of mandamus. However, in this case, the mother merely alleged that she could not undergo the dialectical behavioral therapy ordered by the juvenile court because no Alabama provider would accept her as a patient under DHR’s payment plan. The mother did not present any evidence to support that allegation; therefore, we cannot determine whether the juvenile court exceeded its discretion by denying the requested relief. As a result, mandamus relief is not appropriate in this case.
Because the mother’s amended notice of appeal was untimely, we lack jurisdiction to consider the mother’s purported appeal as to case no. JU-02-969.02 (see note 1, supra). Because the order denying the mother a hearing is not a final order, we lack jurisdiction to consider the mother’s appeal as to case nos. JU-03-140.02 and JU-03-142.02. Accordingly, the mother’s appeal is dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. On August 11, 2008, the mother purported to amend her notice of appeal to include "all matter surrounding [Q.W.] Case No. JU 02-969-02, in its entirety"; Q.W. is apparently another minor child of the mother’s. The mother's amended notice of appeal was not filed within the 14 days allowed by Rule 28(C), Ala. R. Juv. P. The timely filing of a notice of appeal is jurisdictional. T.P. v. T.J.H., 10 So.3d 613, 614 (Ala.Civ.App.2008) (citing Holmes v. Powell, 363 So.2d 760, 762 (Ala.1978); and M.M. v. L.L., 989 So.2d 528, 530 (Ala.Civ.App.2007)). Therefore, we lack jurisdiction to consider the mother's purported appeal as to case no. JU-02-969.02.