MOORE, Judge.
S.W. appeals from an order of the Jefferson Juvenile Court (“the juvenile court”) vacating its previous paternity adjudication relating to B.B. (“the child”) and dismissing S.W. as a party to the dependency proceedings regarding the child.
On January 17, 2012, the Jefferson County Department of Human Resources (“DHR”) filed a petition in the juvenile court alleging that the child was dependent. In its petition, DHR listed A.W. (“the mother”) as the mother of the child, but no father was listed. After a shelter-care hearing, the juvenile court entered an order on January 18, 2012, noting that the child had been placed with D.W., the alleged paternal aunt of the child, pursuant to a safety plan. The juvenile court also ordered that the “[pjutative father” and the child submit to DNA testing. After the first setting of an adjudication hearing, the juvenile court entered an order on March 28, 2012, stating that the mother and S.W. had stipulated that the DNA test results indicated that S.W. is the biological father of the child. The juvenile court ordered that DHR maintain legal custody of the child until the paternal aunt’s criminal-background check was completed and showed that she had no criminal record, at which time, the court ordered, she would receive custody of the child. The juvenile court further stated that, pending further orders, S.W. was to have no contact with the child. That same day, the juvenile court entered an order establishing S.W.’s paternity of the child. On June 15, 2012, S.W. filed a motion seeking specified visitation with the child.
After an adjudication hearing, the juvenile court entered an order on June 22, 2012, stating that DHR, the mother, and S.W. had stipulated to the admission of DHR’s court report, to the mother’s having reported to a DHR social worker that she had been married to “S.” when the child was born, and to the previous order establishing S.W.’s paternity being suspended pending further order. The juvenile court set aside its previous paternity adjudication as void based on the mother’s having been married to “S.” at the time the child was born. The juvenile court further concluded that S.W. was not a party to the case and relieved his attorney from further representation of S.W.
On July 3, 2012, S.W. and the child’s guardian ad litem filed a joint motion to alter, amend, or vacate the June 22, 2012, order to the extent that it vacated the juvenile court’s previous paternity adjudication. On July 10, 2012, the juvenile court entered an order denying the motion “at this time” and stating that DHR and counsel for the mother were to seek the mother and S.’s marriage certificate. On July 17, 2012, S.W. filed his notice of appeal.
We initially note that DHR has argued in its brief to this court that S.W.’s appeal must be dismissed because it is not from a final judgment. In J.W.K. v. Marshall County Department of Human Resources, 18 So.3d 956, 958 (Ala.Civ.App. 2009), this court reasoned: “In this case, the juvenile court’s denial of the mother’s request for a hearing did not adjudicate ‘all matters in controversy between the litigants’ in the underlying, ongoing dependency cases. Therefore, because the juvenile court’s order is not final, this court lacks jurisdiction to consider the mother’s appeal.” (Quoting Dabbs v. Four Tees, Inc., 984 So.2d 454, 456 (Ala.Civ.App.2007), quoting in turn Jewell v. Jackson & Whit-sitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976)).
Similarly, in the present case, the juvenile court’s order setting aside the paternity adjudication and dismissing S.W. as a party to the dependency proceedings did not “adjudicate ‘all matters in controversy between the litigants’ in the underly- *659 mg, ongoing dependency cases.” Id. Thus, “the juvenile court’s order is not final, [and] this court lacks jurisdiction to consider [S.W.’s] appeal.” Id.[1] Accordingly, we dismiss S.W.’s appeal. Id.
S.W.’s motion to treat the appeal as a petition for a writ of mandamus is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. "The proper means of seeking appellate review of an interlocutory order in this court is to petition for a writ of mandamus. See Ex parte C.L.J., 946 So.2d 880, 887 (Ala.Civ. App.2006) ('A petition for a writ of mandamus is the appropriate method for reviewing an interlocutory order.’); see also P.B. v. P.C., 946 So.2d 896 (Ala.Civ.App.2006) (recognizing that the proper method of review of pendente lite orders is by a petition for a writ of mandamus). The presumptively reasonable time within which to file a petition for a writ of mandamus is the time in which an appeal may be taken, i.e., [14] days [when the appeal is from a juvenile-court order, see Rule 4(a)(1)(E), Ala. R.App. P.]. Rule 21(a), Ala. R.App. P.; Ex parte Fiber Transp., L.L.C., 902 So.2d 98 (Ala.Civ. App.2004).”
Norman v. Norman, 984 So.2d 427, 429 (Ala. Civ.App.2007).
In this case, S.W. filed his notice of appeal more than 14 days after the juvenile court entered the June 22, 2012, order. Thus, ”[i]f [S.W.] had filed a petition for a writ of mandamus, it would have been filed outside the presumptively reasonable [14]-day period." Id. The motion to alter, amend, or vacate filed by S.W. and the guardian ad litem did not toll the presumptively reasonable time to file a petition for a writ of mandamus. Id.; see also Ex parte Onyx Waste Servs. of Florida, 979 So.2d 833, 834 (Ala.Civ.App.2007) (”[U]nlike a postjudgment motion following a final judgment, a motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus.”). "Even if we were to treat [S.W.’s] appeal as a petition for a writ of mandamus, this court could not hear the matter because it was not timely filed.” Norman, 984 So.2d at 429.