THOMAS, Judge.
In 2007, the State of Alabama instituted a paternity action in the Jefferson Juvenile Court (“the juvenile court”) seeking an order determining G.C. (“the alleged father”) to be the father of E.A. (“the child”) and an order requiring the alleged father to pay child support. The State had difficulty locating the alleged father to effect service of process, but, on September 5, 2009, a process server certified that she had served the complaint on the alleged father at an address in Birmingham. The alleged father did not answer or otherwise appear in the action. The juvenile court entered a default judgment in May 2010 declaring the alleged father to be the father of the child and ordering that he pay $591 per month in child support.
In September 2013 and again in October 2014, the alleged father filed motions pursuant to Rule 60(b)(4), Ala. R. Civ. P., in which he sought to have the default judgment set aside as void.[1] In his motions, *266 and in his affidavits submitted in support of those motions, the alleged father stated that he had never lived at the address at which he had allegedly been served, that he had been living in Atlanta, Georgia, at the time he had purportedly been served with the complaint, and .that he had not had notice that a paternity and child-support action had been instituted against him. Thus, the alleged father argued, the May 2010 default judgment was void and should be set aside. See Wright v. Rogers, 435 So.2d 90, 91 (Ala.Civ.App.1983) (“Failure of personal service of original process upon a defendant renders a judgment by default void.”). On July 27, 2015, after a hearing on the matter, the juvenile court rendered an order setting aside the default judgment, ordering the alleged father and the child to undergo DNA testing, and setting the case for further proceedings in February 2016; the order was entered into the State Judicial Information System on August 5, 2015.
On August 7, 2015, the guardian ad li-tem for the child, Michael Nissenbaum, filed what he labeled as a motion to alter, amend, or vacate the juvenile court’s order granting the alleged father relief pursuant to Rule 60(b)(4). In his motion, the guardian ad litem complained that the juvenile court had not heard competent evidence supporting the order setting aside the default judgment. The juvenile court did not rule on the motion, and, on September 2, 2015, the guardian ad litem filed a notice of appeal.
We cannot consider the merits of the appeal, however, because the guardian ad litem chose the wrong vehicle to seek review of the juvenile court’s August 5, 2015, order granting the alleged father relief pursuant to Rule 60(b)(4).
“Generally, an order granting a Rule 60(b) motion for relief from a judgment is not appealable. R.E. Grills, Inc. v. Davison, 641 So.2d 225, 227 (Ala.1994). Such an order is interlocutory because further proceedings are contemplated in the trial court. Damson, 641 So.2d at 227-28. Typically, an appeal to this court lies only from a final judgment. Ala.Code 1975, § 12-22-2; see also Ex parte Norwood, 615 So.2d 1210, 1212 (Ala.Civ.App.1992). Review of interlocutory orders, such as an order granting a Rule 60(b) motion, is achieved not by appeal, but by petition for the writ of mandamus. Davison, 641 So.2d at 228.”
Roark v. Bell, 716 So.2d 1245, 1247 (Ala.Civ.App.1998). Only in rare instances, when the order granting a Rule 60(b) motion leaves no other proceedings to be had in the trial court, will an appeal lie from the grant of a Rule 60(b) motion. See Harris v. Cook, 944 So.2d 977, 980 n. 1 (Ala.Civ.App.2006). As noted above, the juvenile court’s August 5, 2015, order set aside the default judgment establishing the alleged father’s paternity of the child, ordered the alleged father and the child to submit to DNA testing, and set the matter for further proceedings. Thus, because the August 5, 2016, order granting the alleged father relief pursuant to Rule 60(b)(4) contemplated further proceedings in the juvenile court, that order is not a final judgment capable of supporting an appeal. See Johnson v. Johnson, 703 So.2d 1001, 1002 (Ala.Civ.App.1997).
Although, in certain circumstances, we would consider treating the guardian ad litem’s appeal as a petition for the writ of mandamus, see Roark, 716 So.2d at 1247, we cannot do so here. The *267 notice of appeal was filed 28 days after the entry of the August 5, 2015, order. The presumptively reasonable time for filing a petition for the writ of mandamus in a juvenile case is 14 days from the entry of the interlocutory order forming the basis of the petition. See Rule 21, Ala. R.App. P.; see also Ex parte C.J.A., 12 So.3d 1214, 1216 (Ala.Civ.App.2009). The guardian ad litem’s filing of what he considered to be a postjudgment motion did not toll the time for filing a petition for the writ of mandamus. See Ex parte Onyx Waste Servs. of Florida, 979 So.2d 833, 834 (Ala.Civ.App.2007) (“[Ujnlike a postjudgment motion following a final judgment, a motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus.”). Thus, if we were to treat the guardian ad litem’s notice of appeal as a petition for the writ of mandamus, the petition would have been filed outside the presumptively reasonable time for filing a petition, and we would be required to dismiss it. See S.W. v. Jefferson Cty. Dep’t of Human Res., 113 So.3d 657, 659 n. 1 (Ala.Civ.App.2012). Accordingly, we decline to treat the guardian ad litem’s notice of appeal as a petition for the writ of mandamus, and, instead, we dismiss the appeal. S.W., 113 So.3d at 659.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. The juvenile court did not rule on the September 2013 motion, and we presume that the October 2014 motion, which restated the same grounds as those asserted in the Sep *266 tember 2013 motion, was in the nature of an amended motion intended to prompt action on the matter.